*A. C. Adams,* for plaintiff.

---

## WILLIAMS, admx., *v.* EMPIRE LIFE INSURANCE CO.

Under the evidence as contained in the statement of facts agreed upon by the parties, the court, to whom the case was submitted without the intervention of a jury, did not err in rendering a judgment in defendant's favor.

DECEMBER 12, 1916.

Action upon life-insurance policy. Before Judge Bell. Fulton superior court. September 23, 1915.

This case was submitted to the court for trial without the intervention of a jury, upon a statement of facts agreed upon by the parties, which, omitting the immaterial parts, was as follows: The defendant was a life-insurance corporation under the laws of Georgia. The insured, Barnett Williams, died intestate on July 18, 1913. The plaintiff was the legally qualified administratrix of his estate, and had a right to maintain this action. A true copy of the policy was attached to the petition. The plaintiff had complied with the law and with the terms of the policy relative to notice and proofs of death. The original application upon which the policy was issued is a part of the agreement of facts. At the time the insured made said application he was apparently in good health, and the examining physician did not detect any trouble or disease existing. The policy sued on was delivered on July 15, 1913, after having been approved for issuance by the company on July 10, 1913. At the time the policy was delivered the insured was desperately ill from appendicitis, for which, on July 14, 1913, he had been operated upon in order, if possible, to save his life; and from said disease he died on July 18, 1913. He did not pay in

cash the first premium upon the policy, but gave to the agent of the insurer his note for the amount of it, $23.19, upon making the application. The note was never paid, but was tendered back to the plaintiff, and demand was made by the defendant for the return of the policy. The plaintiff refused to accept the note or return the policy. She tendered to the insurer the amount of the note after the death of the insured, and the insurer refused to accept the money so tendered. The company knew nothing of the illness of the insured when it sent the policy to its local agent for delivery, but this agent knew of the illness of the insured and of the operation, and delivered the policy to him with full knowledge of his physical condition. Plaintiff introduced the following receipt:

"Received from B. Williams, of Flowery Branch, Ga., the sum of twenty-three dollars and nineteen cents, being the semi-annual premium on policy No. 33584, due on the tenth day of July, 1913, which pays the premium up to the tenth day of January, 1914. This receipt, to be valid, must be signed by the president or secretary and countersigned by an authorized agent of the company. Countersigned this 15th day of July, 1913.

"H. T. Pirkle, Agent.          S. H. Rogers, Secretary."

The application to the defendant for insurance was made by Barnett Williams, aged 20 years, on July 3, 1913, and was given to its agent, H. T. Pirkle. The policy was made payable to the estate of the insured, and was for $1,500, "for which binding receipt was given, and the policy to be dated July 10, 1913." The application contained the following: "It is hereby agreed that all the foregoing statements and answers and also those I make to the company's medical examiner are warranted to be full, complete, and true, and are offered to the company as a consideration for the contract, which shall not take effect until this application has been accepted by the company at the home office in Atlanta, Ga., and the first premium shall have been paid to and accepted by the company or an authorized agent during the life and good health of the person herein proposed for a policy. I have read a sample blank form of the policy applied for to be insured on the above-named plan, and I hereby accept the conditions of the same; and I agree that no statement, promises, or information made or given by the person soliciting or taking this application shall be binding on the company unless such statement, promises, or information

be reduced to writing and presented to the officers of the company at the home office. This application and the policy hereby applied for, taken together, shall constitute the entire contract between the parties hereto." In the application it appears that the following questions were asked the insured by the medical examiner, and the following answers given: "Q. Have you any reason to believe yourself now not to be in perfect health? A. No. Q. Have you any appendicitis? A. No." These questions and answers were made a part of the policy. The policy contained the following stipulations: "No agent has power on behalf of the company to make or modify this or any contract of insurance, to extend the time for paying a premium, to waive any forfeiture, to bind the company by making any promise or making or receiving any representation or information. These powers can only be exercised by the president or secretary, and will not be delegated. This policy and the application therefor constitute the entire contract. This contract is made in consideration of the payment in advance to the company of twenty-three and nineteen one hundredths ($23.19) dollars, on the delivery of this policy to the insured while in good health, and the payment of a like amount thereafter to the company at its home office in the City of Atlanta, Georgia, on the 10th day of July and January in each and every year," etc.

The court rendered a judgment in favor of the defendant. The plaintiff made a motion for a new trial, which was overruled.

*T. H. Scott, C. N. Davie,* and *B. P. Gaillard Jr.,* for plaintiff.

*F. A. Hooper* and *R. C. & P. H. Alston,* for defendant.

BECK, J. (After stating the facts.) The instant case is not identical in its facts with the case of *Reese* v. *Fidelity Mutual Life Association,* 111 *Ga.* 482 (36 S. E. 637). But upon the controlling question it is very similar to that case, and we are of the opinion that the ruling there made is controlling here. The reasoning upon which that ruling is based, and which is entirely applicable to the facts of the present case, is sound and supported by the authorities adduced to support the conclusions reached.

*Judgment affirmed. All the Justices concur.*