## 13786. VOLUNTEER STATE LIFE INSURANCE CO. *v.* McGINNIS.

The petition as amended failed to set forth a cause of action.
DECIDED JANUARY 11, 1923.

Action on life insurance policy; from Chattooga superior court — Judge Wright. June 28, 1922.

The application for insurance, which was a part of the policy, as shown by a copy attached to the petition, contained among others, the following stipulation: " I hereby agree that the policy herein applied for shall be accepted, subject to the privileges and provisions therein contained, and said policy shall not take effect until the same shall be issued and delivered during my continuance in good health and the first premium thereon paid in full." One of the provisions of the policy was as follows: " No condition, privilege or provision of this policy can be waived or modified in any case except by an endorsement thereon signed by the president, one of the vice-presidents, the secretary, the assistant secretary, or the actuary. No agent has power on behalf of the company to modify this contract of insurance, to extend the time for paying a premium, to waive any forfeiture, or bind the company by making any promise or representation." The petition as originally drawn did not allege that the policy was issued and delivered and the first premium paid during the insured's continuance in good health. The plaintiff offered an amendment which was allowed subject to demurrer. The amendment also failed to allege that the policy was delivered and the first premium paid during the insured's continuance in good health, but, to avoid so alleging, set up " that the defendant in this case is estopped from setting up the defense that the insured, J. B. McGinnis, was not in good

health at the time said policy sued on was delivered to him, for that, soon after his death, the defendant sent its agent and representative, a Mr. Atkins, to see . . [petitioner] about that claim; that said agent and representative of the defendant notified her through her said father that the company would not pay said claim under said policy, giving as the sole reason therefor, as he claimed, that the insured, prior to making the application for the policy sued on, had been refused insurance by another insurance company; that said refusal was based solely on that ground, and, by reason thereof, petitioner says that the defendant is now estopped from claiming that said J. B. McGinnis was not in good health at the time said policy was delivered to him, and that the same also constitutes a waiver of any requirement as to furnishing of proofs of death." The defendant demurred both generally and specially to the petition as amended. The grounds of demurrer were: (1) no cause of action is stated; and (2) the facts upon which a waiver or estoppel is claimed do not in law constitute a waiver or estoppel. The court overruled the demurrers, and the defendant excepted.

*Graham Wright, Spalding, MacDougald & Sibley,* for plaintiff in error.

*J. M. Bellah, Paul H. Doyal, G. E. Maddox,* contra.

BLOODWORTH, J. (After stating the foregoing facts.) It being the settled law of this State that a provision of a life-insurance policy that the policy shall not take effect until the same shall be issued and delivered during the good health of the applicant and the first premium paid in full is a condition precedent to the contract taking effect (*Reese* v. *Fidelity Mutual Life Ins. Co.,* 111 *Ga.* 482, 36 S. E. 637; *Mutual Reserve Asso.* v. *Stephens,* 115 *Ga.* 192, 41 S. E. 679; *Clark* v. *Mutual Life Ins. Co.,* 129 *Ga.* 571, 59 S. E. 283; *Williams* v. *Empire Life Ins. Co.,* 146 *Ga.* 246, 91 S. E. 44; *Reliance Life Ins. Co.* v. *Hightower,* 148 *Ga.* 843, 98 S. E. 469); and that, in a suit based upon a policy containing such a provision, no cause of action is set out unless it is alleged that the policy was delivered and the first premium paid during the good health of the insured (*Wiley* v. *Rome Ins. Co.,* 12 *Ga. App.* 186, 76 S. E. 1067; *Boyd* v. *Southern States Life Ins. Co.,* 20 *Ga. App.* 453, 93 S. E. 42), the controlling question in the case is whether or not the petition as amended alleged sufficient facts to constitute

a waiver on the part of the defendant of this provision of the policy.

The facts alleged to show a waiver were that the agent of the defendant company, after the death of the insured, informed the plaintiff's father that the company would not pay the policy, because the insured had been rejected by another company. It is contended by the plaintiff that these facts constituted a waiver of any requirement as to furnishing proofs of death, or that, by reason of the company having assigned one reason why the claim would not be paid, it was estopped thereafter to allege a different and additional reason. It will be recalled that the contract of insurance expressly provided that "no condition, privilege, or provision of this policy can be waived or modified in any case except by an endorsement thereon signed by the president, one of the vice-presidents, the secretary, the assistant secretary, or the actuary." Thus it would seem that there was no waiver in this case, since the petition as amended shows affirmatively that the alleged waiver was not endorsed upon the policy as required by the express terms thereof. See, in this connection, *Hutson* v. *Prudential Ins. Co.*, 122 *Ga.* 847 (50 S. E. 1000), where it is held: " A stipulation in a policy of insurance, that ' no condition, provision, or privilege of this policy can be waived or modified in any case, except by endorsement theron signed by the president, one of the vice-presidents, the secretary, the assistant secretary, or the actuary," and ' no agent has power in behalf of the company to make or modify this or any other contract of insurance, to extend the time for paying a premium, to waive any forfeiture, or to bind the company by making any promise, or making or receiving representation or information,' is notice to the policy-holder and his beneficiary that a general agent is without authority to waive any provision, condition, or forfeiture prescribed in the policy. No person save the designated officers of the company would have such authority." However, conceding (but not deciding) that a waiver of such a provision could be legally effected otherwise than by an endorsement on the policy as required by the express terms of the contract, still the facts alleged in the petition were insufficient in law to constitute a waiver or estoppel. The alleged waiver is based upon the acts or representations of the defendant's agent which (the petition shows upon its face) took

place subsequent to the death of the insured. Therefore the so-called waiver did not relate to a condition of the policy which might thereafter work a forfeiture.

In dealing with this question in the case of *Graham* v. *Niagara Fire Ins. Co.,* 106 *Ga.* 840, 843 (32 S. E. 580), our Supreme Court said: " The idea of a waiver of material conditions in a contract being binding upon the parties is based upon the right of the parties to change the terms of their agreement, though in writing, by a subsequent agreement, whether had in parol or in writing. To support such subsequent agreement, it is just as important that there should be some consideration for it as it is that there should be a consideration for the original contract. This consideration may be either a benefit to one party or an injury to the other. Hence, it has been often held that where an insurance company waives certain terms of forfeiture in its policy, *at a time when the forfeiture has not taken place, and the insured thereupon acts upon such waiver, to his injury, there is sufficient consideration to support the waiver, and the courts will not declare a forfeiture of the policy.* [Italics ours.] For instance, in this case, had there been a direct waiver by the company of proofs of loss, made at a time when the plaintiff had ample time to submit the same and bring her suit within the period of limitation prescribed by the policy, but refrained from doing so on account of the under-standing had with the company, it could not afterwards be heard to set up in defense to an action on the policy a breach of a condition it had thus waived. *If, however, the forfeiture had already taken place, and the contract had become, as it were, a ' dead letter,' we question very much whether, by the most formal acts of the governing body of the corporation, a waiver of such a defense would be binding upon the company.* [Italics ours.] It was accordingly held, in the case of Williams *v.* Vermont Mutual Fire Ins. Co., 20 Vt. 222, that ' A cause of action upon a policy of insurance, for a loss by fire, which had been barred by suffering the time limited in the charter of the insurance company for commencing actions to expire, is not capable of being revived by an acknowledgment, or a new promise.' It appears from the report of that case, that it was contended in behalf of the insured that the company had revived his policy by a formal action of its board of directors. To the same effect, see 1 Joyce on Ins., § 588. In

the case of *Phenix Ins. Co.* v. *Searles,* 100 *Ga.* 98, it was decided that when proofs of loss were not furnished within the time stipulated, a subsequent refusal to pay would not amount to a waiver. In the case of *Underwriters' Agency* v. *Sutherlin,* 55 *Ga.* 266-7, it was held that it was not within the power of local or adjusting agents of an insurance company, without express authority from the managing officers thereof, to waive a stipulation in the policy requiring suit to be commenced within twelve months after a loss occurred. See also, *Ritch* v. *Masons Fraternal Accident Assn.,* 99 *Ga.* 112, and *Southern Home Building & Loan Assn.* v. *Home Insurance Co.,* 94 *Ga.* 167."

In *Finleyson* v. *Liverpool & London & Globe Ins. Co.,* 16 *Ga. App.* 53 (84 S. E. 312), Chief Judge Russell, speaking for this court, said : " Agents are without authority to bind their principal by any waiver of the terms of the policy *after* a forfeiture has already taken place." (Italics ours.) And in *Great Eastern Casualty Co.* v. *Reed,* 17 *Ga. App.* 613 (3, 4) (87 S. E. 902), where the court was dealing with the exact question now under consideration, it was said: " The fact that, after the right to demand compensation for loss of time caused by sickness was forfeited on account of the failure of the insured to make the reports as to his physical condition, required by the contract, the insurance company refused, for an entirely different reason to pay any indemnity under the policy, would not estop the company from setting up, in defense to a claim for such indemnity, the failure of the insured to make such reports. It appears, from the evidence, that the statement of the ground upon which payment of the indemnity claimed was refused was actually made after the right to claim such indemnity had been forfeited by reason of the failure to do the antecedent thing required by the terms of the policy, and the refusal to pay, based upon the ground stated, in no wise contributed to cause a breach of any stipulation in the policy by the insured, or to bring about a forfeiture of his claim for indemnity. . . Had the insurance company refused to pay the policy for some other alleged reason before any failure on the part of the insured to make the reports required by the terms of the contract, it may be that the company would have been estopped from setting up in defense his breach of the contract in this respect, but the refusal to pay, not based upon such breach.

was made not only after repeated breaches in failing to make reports, but after recovery from the illness for which indemnity was claimed, and after all final proofs had been submitted. . . The insured was not induced to act to his hurt by a refusal of the insurer to pay which was based on a different ground from that now urged to defeat his claim for indemnity." In *Harp* v. *Fireman's Fund Ins. Co.,* 130 *Ga.* 726 (61 S. E. 704, 14 Ann. Cas. 299), it was held: "An absolute refusal of the insurer to pay, made before the expiration of the reasonable time within which the assured must furnish such proofs, will be a waiver thereof; *but such refusal made after such reasonable time has expired will not be a waiver of such proofs."* (Italics ours.) See also, to the same effect, *Bank of Ball Ground* v. *National Surety Co.,* 23 *Ga. App.* 187 (97 S. E. 892).

In view of the rulings made in the cases cited, it is our judgment that the petition as amended failed to set forth a cause of action, and that the court erred in refusing to dismiss it upon general demurrer.

*Judgment reversed. Broyles, C. J., and Luke, J., concur.*