17336. BARKLEY *v.* AMERICAN NATIONAL INSURANCE CO.

BELL, J.   1. Insurance policy clauses which prohibit waivers, except such as are indorsed upon the policy by specified officers of the company, usually refer to those provisions which enter into the contract, and do not affect conditions which are to be performed after loss or injury, such as giving notice and furnishing proofs. "These may be expressly waived, or waived by conduct inconsistent with an intention to enforce a strict compliance with the condition, by which the insured is led to believe that the insurer does not intend to require such compliance. An adjuster sent to adjust a loss presumably has authority to waive proof of loss." *Corporation of the Royal Assurance* v. *Franklin,* 158 *Ga.* 644 (3) (124 S. E. 172, 38 A. L. R. 626). These principles are applicable in a suit on a policy of accident insurance.

2. While it is the well-settled rule in this State that, where notice of loss or injury, or proofs thereof, have not been given or furnished in accordance with provisions of the policy requiring the same as conditions precedent to liability, the company's *subsequent* absolute refusal to pay because of the noncompliance with such provisions, or for some other reason, will not estop the company from setting up as a defense the failure of the insured to make such reports (*Volunteer State Life Ins. Co.* v. *McGinnis,* 29 *Ga. App.* 370, 374, 115 S. E. 287; *Penn Mutual Ins. Co.* v. *Milton,* 33 *Ga. App.* 634 (3), 127 S. E. 798), yet where the company, instead of making any sort of refusal to pay, retains the

Accident Insurance, 1 C. J. p. 478, n. 68, 70, 72; p. 479, n. 82; p. 506, n. 73.

Dismissal and Nonsuit, 18 C. J. p. 1178, n. 87.

Insurance, 32 C. J. p. 1318, n. 94; 33 C. J. p. 16, n. 75; p. 21, n. 70; p. 23, n. 98; p. 25, n. 18, 19, 23; p. 27, n. 55; p. 28, n. 63; p. 33, n. 25; p. 35, n. 38.

belated notices and proofs and invites the assured to furnish additional reports as specified in the policy, and the assured does so, such conduct on the part of the company in thus inducing the assured to incur expense and trouble, in the belief that his failure to comply strictly with the terms of the policy would not be charged against him, will estop the company from insisting upon a forfeiture as a result of his noncompliance with the provisions of the policy as to notice and proofs of loss. Travelers Ins. Co. of Hartford v. Edwards, 122 U. S. 457 (30 L. ed. 1178, 7 Sup. Ct. 1249); Trippe v. Provident Fund Society, 140 N. Y. 23 (35 N. E. 316, 37 Am. St. R. 529, 22 L. R. A. 432); 1 C. J. 478-480.

3. Applying these rulings to the facts of this case, the evidence would have authorized the inference that the company was estopped to insist upon a forfeiture of the plaintiff's claim, because of his failure to furnish reports and proofs of his injury as required by the policy, and, a prima facie case being otherwise made out, the court erred in granting a nonsuit.

> Judgment reversed. *Jenkins, P. J., and Stephens, J., concur.*

Decided February 14, 1927. Rehearing denied February 26, 1927.

Complaint on accident policy; from city court of Macon—Judge Hall. March 16, 1926.

Application for certiorari was denied by the Supreme Court.

*B. J. Fowler,* for plaintiff.

*Marlin, Martin & Snow,* for defendant.