## 19315. EVANS et al. v. GLOBE & RUTGERS FIRE INSURANCE CO.

STEPHENS, J.   1. Where one who is the local agent of a fire-insurance company and possesses the power to "receive proposals for insurance on automobiles against loss or damage by fire, . . to fix rates or premiums, to receive monies, and to countersign, issue, renew, and consent to the transfer of policies of insurance signed by the president and secretary, subject to the rules and regulations of the said company, and such other instructions as may be given from time to time by its officers," and, as such agent, has issued in behalf of the insurance company a policy covering the theft of an automobile, and affixed his signature to the policy as such agent, it is apparently within the scope of his authority as agent for the insurance company, when accepting from the insured, after a loss by theft of the automobile covered by the policy, a notice of the loss, to waive in behalf of the insurance company the filing by the insured of a sworn statement, as required by the policy as a proof of loss, and to accept this notice in lieu of the proof of loss, where the policy contains no provision limiting the power of the agents of the company in dealing with its policyholders, and where the insured had no notice, either by virtue of any provisions in the policy or otherwise, that it was beyond the scope of the agent's power to make such waiver.

2. The limitation in an insurance policy on the power of agents, which reads as follows: "No officer, agent, or other representative of this company shall have power to waive any of the terms of this policy unless such waiver be written upon or attached hereto; nor shall any privilege or permission affecting the insurance under this policy exist or be claimed by the assured unless so written or attached," constitutes a limitation only upon the power of agents as respects the creating of the contract, and constitutes no limitation upon the power of an authorized agent of the insurer subsequently to modify or waive a condition of the policy by an oral agreement or an agreement not attached to the policy. *Royal Exchange Assurance* v. *Franklin*, 158 *Ga.* 644 (124 S. E. 172, 38 A. L. R. 626); *Barkley* v. *American Ins. Co.*, 36 *Ga. App.* 447 (136 S. E. 803).

3. Upon the trial of a suit by the insured against the insurer, to recover for the loss of an automobile by theft insured against under the policy, where there was evidence to the effect that the local agent waived the required proof of loss, and where the evidence otherwise authorized a verdict for the plaintiff, the trial judge erred in directing a verdict for the defendant. It was error for the judge of the superior court to dismiss the certiorari brought by the plaintiff, in which the direction, by the judge of the municipal court of Macon, of a verdict for the defendant, was excepted to.

*Judgment reversed. Jenkins, P. J., and Bell, J., concur.*

DECIDED SEPTEMBER 28, 1929.

376

*W. A. McClellan, T. A. Jacobs Jr.,* for plaintiffs.

*Jones, Jones, Johnston & Russell, Smith, Hammond & Smith,* for defendant.