## PHILADELPHIA FIRE AND MARINE INSURANCE COMPANY *v.* BURROUGHS.

No. 9074. DECEMBER 19, 1932.
ADHERED TO ON REHEARING, FEBRUARY 23, 1933.

*Hinton Booth, Spalding, MacDougald & Sibley, H. H. Hargrett,* and *Sumter M. Kelly,* for plaintiff in error.

*Fred T. Lanier,* contra.

HILL, J. S. C. Burroughs brought suit on a policy of fire insurance on a described house. One policy for $1500 was issued on April 14, 1930, and an additional $500 was taken out on September 13, 1930, the premium on both policies being paid by the plaintiff. On October 20, 1930, the house was destroyed by fire. To the policy was attached a loss-payable clause in favor of E. C.

Rogers, to cover the amount of indebtedness represented by a security deed held by E. A. Smith, which indebtedness was outstanding and unpaid. The note and security deed were transferred by Rogers to Smith on March 29, 1926. Smith filed suit on October 7, 1930, praying for judgment on the note and for a special lien on the property. On January 26, 1931, judgment was rendered against Burroughs and in favor of Smith, for the principal debt, interest, and attorney's fees. Burroughs alleged that about December 12, 1930, he demanded of the defendant insurer payment of the amount of the fire-insurance policy, and the defendant refused to pay the amount; that in so refusing to pay the defendant acted in bad faith, and plaintiff is entitled to recover damages and reasonable attorney's fees for the prosecution of this suit; that defendant paid to E. A. Smith the amount of his claim, represented by the judgment for the amount of his loan in the sum of $860.40, under the loss-payable clause attached to the insurance policy, and had the security deed and execution transferred to it, and is holding the same against the land described in the deed, and that the deed constitutes a cloud on the title. The prayers are for judgment for the balance of the amount due on the policy after deducting the amount paid to Smith on his execution; for damages in the sum of $284.90, and $250 attorney's fees; for cancellation of the security deed, etc.

The defendant filed an answer averring that it was not indebted to the plaintiff in any sum, by reason of a provision contained in the policy that "This entire policy, unless otherwise provided by agreement indorsed or added hereon, shall be void . . if, with the knowledge of the insured, foreclosure proceedings be commenced or notice of sale of any property covered by this policy by virtue of any mortgage or trust deed;" that prior to the date of the fire which destroyed the property covered by the policy, about October 7, 1930, E. A. Smith filed suit against the plaintiff on his note and security deed, and judgment was entered in this suit against the plaintiff on January 26, 1931; that, under the loss-payable clause attached to the policy, the amount of this judgment was paid by the defendant to Smith, the defendant acknowledging itself bound unto the holder of the mortgage debt under a provision in the policy set out in the answer. The plaintiff amended his petition, alleging that if a forfeiture of the policy sued on ever resulted, the forfeiture was

waived by the defendant, for the reason that the adjuster of the defendant, with knowledge of the alleged facts, requested the plaintiff to have a builder to make up an estimate of the value of the property destroyed and the cost of replacing it; that in compliance with said request he went to considerable trouble and some expense in getting an estimate of the value of said property, and submitted the same to defendant.

The jury returned a verdict for the plaintiff for the amount of the balance due on the policy, with damages and attorney's fees. The defendant excepted to the refusal of a new trial. Grounds 1 and 2 of the amendment to the motion for new trial are only elaborations of the general grounds.

■ Under the pleadings and the evidence the following charge of the court was not error: "There is one matter I forgot to instruct you about. As I stated to you, the defendant contends in the case that he forfeited his rights to recover under this policy, by reason of the fact that the plaintiff violated a clause on the back of the policy requiring him to give notice to the defendant of the foreclosure of the deed to secure debt. I charge you that, as a matter of law, if he so violated this provision of this policy the plaintiff would not be entitled to recover; but if you find from the evidence in the case, as contended by the plaintiff in the case, that the adjuster of the insurance company wrote him asking him to send him a written and sworn estimate of replacing the building or property, that it is for you to say whether such conduct of the insurance company, through its agent, was a waiver of the terms of that policy, of that particular clause, or not. If you find that the company has waived that clause, then the plaintiff would be entitled to recover; but if the company did not waive that clause, then the plaintiff would not be entitled to recover." *Scottish Union & National Ins. Co.* v. *Colvard*, 135 *Ga.* 188 (68 S. E. 1097); *Pike* v. *American Alliance Ins. Co.*, 158 *Ga.* 686, 690 (124 S. E. 161); *Farmers Fire Ins. Co.* v. *Kilgore*, 39 *Ga. App.* 528 (3) (147 S. E. 725); *Corporation of the Royal Exchange Assurance* v. *Franklin*, 158 *Ga.* 644 (124 S. E. 172); *Barkley* v. *Am. National Ins. Co.*, 36 *Ga. App.* 447 (2) (136 S. E. 803); *Evans* v. *Globe & Rutgers Fire Ins. Co.*, 40 *Ga. App.* 375 (2) (149 S. E. 798).

■ Under the Civil Code (1910), § 2549, the liability of the insurer for attorney's fees and damages could not accrue until the

lapse of sixty days from the date of a demand made when there was a right to demand; and since by the terms of the policy it was not payable until sixty days from the submission of proofs of loss, and since it appeared from the evidence that the only demand for payment was made with the proof of loss, which was before the plaintiff had a right to make an absolute demand for payment, the evidence did not authorize a recovery of attorney's fees and damages. *Lester* v. *Piedmont & Arlington Ins. Co.*, 55 *Ga.* 475 (4); *Ancient Order United Workmen* v. *Brown*, 112 *Ga.* 545 (3) (37 S. E. 890); *New Zealand Fire Ins. Co.* v. *Brewer*, 29 *Ga. App.* 773 (8) (116 S. E. 922); *Smith* v. *Railroad Loan Co.*, 38 *Ga. App.* 504 (2) (144 S. E. 340). It also appeared from the pleadings that the plaintiff was not entitled to recover these items.

■ The evidence authorized the verdict, and the court did not err in refusing a new trial, except as to attorney's fees and damages. Direction is given that the verdict and judgment be amended by striking these portions of the recovery.

*Judgment affirmed, with direction. All the Justices concur, except*

ATKINSON, J., dissenting from the direction given. The judgment should be affirmed with direction that the plaintiff be permitted, within some specified time, to write off the attorney's fees and damages, and, if he fails to do so, that the judgment be reversed. *S. A. L. Ry. Co.* v. *Bishop*, 132 *Ga.* 71 (63 S. E. 1103).

ON REHEARING.

In the motion for rehearing it is insisted that the court overlooked the evidence relative to the waiver of the company, and that evidence consisted of one letter dated December 8, 1930, and was as follows: "December 8, 1930. S. C. Burroughs, Esq., Statesboro, Georgia. Dear Sir:—P. F. & M. 1130—S. C. Burroughs— $2000. I am in receipt of papers purporting to be proofs of loss under above captioned policy, and claiming $2000 as a result of destruction of the property covered under our policy by reason of fire of October 20th, 1930. I respectfully desire to state that these alleged proofs are insufficient and incomplete, for the following reasons: They make no mention of the suit to foreclose, instituted by E. A. Smith under date of October 7, 1930. (See lines 18-20 inclusive of the printed conditions of said policy.) Furthermore, the proofs of loss allege that the loss sustained was $3000 approxi-

mately, and no detailed estimate showing cost of replacing building involved is attached. In view of the above, we are advising you that the papers are not in compliance with the contract, and that they are held subject to your further order. Yours very truly, R. N. Clark, Adjuster."

It is also insisted that the decision of the court is predicated on the assumption that there was evidence in the record of such a nature as to submit the question of waiver to the jury. In addition to the letter as set out above, the plaintiff, Burroughs, testified in his own behalf, in part, as follows: "After this loss occurred on October 20, I made, through Mr. Francis Hunter, a demand on the company for payment. The company did not refuse payment, but did not pay. I later submitted to the company proof of loss [afterwards introduced in evidence], that I have before me. S. D. Groover was the agent of this insurance company at Statesboro. That is his signature acknowledging receipt of the proof of loss. They required me to submit a supplementary proof. This [referring to a document subsequently introduced in evidence] is the supplementary proof that I submitted. The insurance adjuster requested me to get a builder's estimate as to the cost of replacing the property; and that is why I submitted this supplementary proof. Following the demand made on me to get a builder's estimate, I had Mr. Darby to get it up. This was done in answer to the adjuster's request. He requested me to get up a builder's estimate of the cost of the building, and the cost of replacing it. Mr. Darby submitted this estimate to me. In order to get this estimate I went to a little expense and trouble. Mr. Darby wanted $10 for making the estimate. I gave him $3 and owe him the balance of it. This [referring to supplementary proof of loss subsequently introduced in evidence] is Mr. Groover's signature acknowledging receipt for the company."

Thus it will be seen that after the loss by fire of the property of the insured he gave the insurer notice of the loss, and the adjuster of the insurance company claimed that the proof of loss was insufficient, and demanded that further proof be furnished together with a builder's estimate of replacing the property, and this was furnished by the insured. When the insured notified the insurer that the loss had occurred, and the insurer turned the matter over to its adjuster, who required further proof of the loss together with

a builder's estimate of the cost of replacing the property, which was given, a proper construction of the letter of the adjuster acting for the insurance company was that if further proof of loss, as requested by the adjuster, was furnished by the insured, that was a waiver of any defense that the insurer might have against the payment of the loss. The former opinion and judgment in the case are adhered to.