438

## 22486. LOFTIS v. METROPOLITAN CASUALTY INSURANCE COMPANY OF NEW YORK et al.

DECIDED FEBRUARY 3, 1933. REHEARING DENIED FEBRUARY 18, 1933.

*McElreath & Scott,* for plaintiff.

*Harris, Harris & Popper, Jones, Jones, Johnston & Russell,* for defendants.

GUERRY, J. Only the 3d headnote needs elaboration. We can not agree with the ruling of the court below sustaining the demurrer filed by the Metropolitan Casualty Insurance Company, hereinafter referred to as the bonding company. The case presents unusual features on account of its many angles. W. S. Loftis, plaintiff in the court below and plaintiff in error in this court, filed suit against W. G. Mangham and Mangham Construction Company, Metropolitan Casualty Insurance Company of New York, R. Bruce Jones, H. Grady Smith, and G. C. O'Pry, on the 10th day of June, 1931, and alleged that the plaintiff was the owner of a tract of land near the city of Macon, Georgia; that the Chamber of Commerce of Macon, desired to have said property developed into a golf course, which they desired to operate; that on the 19th day of November, 1928, the plaintiff entered into a contract with W. G. Mangham and the Mangham Construction Company, whereby he agreed to sell to the said construction company a tract of land for said golf course for the purchase-price of $36,000. Part of the consideration was that said construction company would expend not less than

$15,000 in building and equipping such golf course and a clubhouse, of which sum $10,000 was to be furnished by the plaintiff and $5,000 by the Mangham Construction Company, in accordance with its contract made with the Junior Chamber of Commerce of Macon, which contract was attached to the contract between plaintiff and the construction company. The construction company agreed to furnish a bond in the sum of $15,000, guaranteeing to the plaintiff its performance of the terms and conditions of such contract, under the following stipulations: that said golf course and club-house should be completed as specified in said contract, and all bills for labor and material paid for; that said terms and conditions as to the completion of said contract would be deemed to have been completed whenever the same was evidenced by the acceptance of the golf course and club-house by the Chamber of Commerce of Macon, who were to be the ultimate operators thereof. It was further provided, under the terms of the bond which had been given by the Mangham Construction Company in compliance with its agreement, "that in case of default on the part of the principal, the surety should have the right, if it so desired, to assume and complete or procure the completion of said contract, and in case of such default the surety shall be subrogated and entitled to all the rights and properties of the principal arising out of the said contract and otherwise, including all securities and indemnities theretofore received by the obligee, and all deferred payments, retained percentages and credits, due to the principal at the time of such default, or to become due thereafter by the terms and dates of the contract." It was further provided "that in no event shall the surety be liable for a greater sum than the penalty of this bond, or subject to any suit, action or other proceeding thereon that is instituted later than the 31st day of December, 1929." The Mangham Construction Company undertook to carry out the terms of its contract, but failed to do so, and notice of such default was given by the plaintiff to the Metropolitan Casualty Insurance Company, which had signed said bond for the Mangham Construction Company. After such notice the Casualty Company made investigation of the condition of the golf course, and told the plaintiff that the Casualty Company would take over the job and complete it in accordance with its contract under the bond given. On July 14, 1929, the bonding company, in pursuance to its agreement to complete said golf course, entered

into a contract with R. Bruce Jones and H. Grady Smith, which contract was attached to the petition as an exhibit, and which stated that R. Bruce Jones and H. Grady Smith had agreed with the Mangham Construction Company and the bonding company to complete and carry out the contract which the construction company had made with the plaintiff and the obligations which the bonding company had assumed thereunder. Plaintiff alleged, that, after its notification to the bonding company that the construction company had defaulted, said bonding company represented to petitioner that he need not worry, that it would take over the job and complete it according to the contract with the construction company and the terms of the bond; that relying on this promise and knowing of the agreement made by the bonding company with Smith and Jones for the completion of the contract, plaintiff did nothing more about the matter until November, 1929, when he learned that the golf course had not been completed, and he again took the matter up with the bonding company, and was again assured by it that the golf course would be completed without any difficulty. He alleged further that Smith and Jones did attempt to complete the golf course, but never did so; that the only thing they did was to take a long time to do a little work, and by this method delayed the matter for the bonding company, so that it could, by fraud against petitioner, claim protection under the time limit clause for entering suit as above set forth; that such conduct on the part of the bonding company,—to wit, its promise to complete said golf course and its employment of Smith and Jones to complete the same,—lulled plaintiff into a feeling of security, and that such acts were done purely for the purpose of defrauding petitioner, in that the bonding company was seeking to avoid liability under its bond and guarantee, by getting petitioner to defer any action against said bonding company until after December 31, 1929. Plaintiff further alleged, that about December 1, 1929, he notified said company that the golf course had not been completed, and said company again agreed to complete the same, and on December 16, 1929, a letter was written to the bonding company as follows: "We, as attorneys for W. S. Loftis, hereby make formal demand upon you to carry out the terms and conditions of a certain contract between the Mangham Construction Company and W. S. Loftis in reference to a golf course located at Macon, Georgia. We just learned Saturday of last week that this contract had not

been complied with. Kindly let us know at once what you intend to do with reference to said matter." The contract was not completed, and in March, 1930, the bonding company disclaimed liability, and plaintiff alleged that he himself completed the golf course in compliance with the terms of the agreement, and suit was brought for a stated sum as cost of the same. W. G. Mangham and Mangham Construction Company, so far as the record discloses, filed no answer or demurrer to the petition, and the bill of exceptions contains no assignment of error by these two parties.

A demurrer was filed by the bonding company, claiming that no cause of action was set forth, and that the plaintiff was barred by the limitations contained in the bond as to the time of the filing of the suit, and that the petition shows no facts constituting any waiver on the part of the bonding company of the provisions of said bond as to the time for filing suit. This demurrer was sustained by the court. The bonding company insists very strenuously that inasmuch as it was liable only for a completion of the terms of the contract in such a manner as would be acceptable to the chamber of commerce, that it was not specifically alleged in the petition that the Macon Chamber of Commerce failed or refused to accept the work done as a compliance with the contract, they being named as the arbiters to determine the proper completion of the golf course and club-house. The contract between the Mangham Construction Company and the Macon Chamber of Commerce, being attached to the contract between the plaintiff and the Mangham Construction Company and attached to the petition as an exhibit, was necessarily a part thereof, and an allegation by the plaintiff that the Mangham Construction Company or its successors (Smith and Jones) failed to complete the course according to the terms of the contract is a sufficient allegation to withstand a general demurrer.

When plaintiff notified the bonding company that the Mangham Construction Company had defaulted in the completion of the contract, the bonding company, acting under its rights, took charge of and itself attempted the completion of the contract, and in carrying out such attempt contracted with Smith and Jones to complete the contract for which the bonding company was liable. The bonding company was alleged to have assured the plaintiff that it would complete the contract according to the original terms, and continued from July through November and December to assure plaintiff that

the contract would be completed as had been agreed on. It is not necessary to decide whether such conduct is a waiver or is an estoppel in fact.' It was sufficient to estop the bonding company, which had itself assumed to complete the contract, and had induced the plaintiff, by its repeated assurances that the contract would be completed, to refrain from entering suit, from pleading the time limit as is set up in the bond. Where an insurer, by negotiations for a settlement or by a promise to pay the amount of the policy, has led the holder to believe that he will be paid without suit, the insurer can not take advantage of the provisions in the policy requiring action thereon to be brought within a stated time. *Stanley* v. *Sterling Mutual Life Ins. Co.,* 12 *Ga. App.* 475, 477 (77 S. E. 664). "Where suit has been delayed beyond the stipulated time on account of direct promises of the company to pay the claim, the action is not barred by the delay so caused." Cooley's Briefs on Insurance, 3991. Plaintiff specifically alleged that such conduct of the bonding company was for the purpose of defrauding plaintiff. *McDaniel* v. *German American Ins. Co.,* 134 *Ga.* 189 (67 S. E. 668) ; *Hartford Fire Ins. Co.* v. *Amos,* 98 *Ga.* 533 (2) (25 S. E. 575) ; *United States Fidelity & Guaranty Co.* v. *Koehler,* 36 *Ga. App.* 396 (137 S. E. 85). The material essentials necessary to constitute an estoppel by conduct were present in the allegations of the plaintiff's petition, and plaintiff alleged that he was misled thereby and caused to act to his prejudice. See, in this connection, the opinion delivered by Judge Russell in *Kennedy* v. *Manry,* 6 *Ga. App.* 817 (66 S. E. 29). We think the petition set out a cause of action as against the bonding company in this case, and the court erred in sustaining the demurrer of said bonding company.

*Judgment sustaining the demurrers of G. C. O'Pry and Robert Bruce Jones and Grady Smith affirmed. Judgment sustaining the demurrer of the Metropolitan Casualty Insurance Company of New York reversed.*