32942. FIDELITY-PHENIX FIRE INSURANCE CO.
*v.* BERRY.

Decided March 17, 1950.

Smith, Partridge, Field, Doremus & Ringel, W. W. Mundy Jr., for plaintiff in error.

Charles B. Teal, J. V. Poole, contra.

Felton, J.  The amendments in substance allege: that within a few hours of the fire which destroyed the house allegedly covered by the policy sued on, plaintiff went to the local agent of the insurance company who issued and delivered it and collected premiums on it and reported the loss; that the agent represented himself to be the only proper person to receive the report of loss; that the agent took a pen or pencil and after propounding many questions to the plaintiff concerning the fire which the plaintiff answered to the best of his knowledge stated that that was all that was necessary and that he would soon obtain a check for the full amount of the loss; that after the loss was reported to the local agent he stated to the plaintiff that everything was all right so far as the claim made as to loss and did not mention any irregularities; that at various times before 60 days from the time of the loss and thereafter the plaintiff demanded of the local agent the amount of the loss, such demands being made every week or two until suit was filed; that the agent urged the plaintiff not to sue or turn the case over to his attorney; that after the report of the loss was made to such agent a representative of the company came to the plaintiff and stated that he represented the company and discussed the fire with the plaintiff

and talked to witnesses about it, but that the representative did not present any certain form or ask him to sign anything but the plaintiff was ready to sign any form and be of further service as to the investigation. Paragraph 5 of the first amendment alleged: "that after the plaintiff filed the above suit, that the defendant company, did after having ample time to make full investigation as [to] the said fire and loss, and after the amount of the loss was due and unpaid under the law, and after demand had been made time and again by the plaintiff and also demand made by plaintiff's attorney to the same, and after suit was filed to the same, the defendant company answered the same by its attorneys, did deny the amount of the claim by plaintiff or any indebtedness whatsoever, not even offering to pay back any portion of the premium whatsoever; and, therefore, defendant company waived all rights that it might have had under the law and therefore, estopped from setting forth any form prescribed by the defendant company in the policy as to the fire and loss aforesaid as a preliminary to payments aforesaid." Paragraph 3 of the second amendment alleged: "Petitioner shows that the said company made no objections to the said oral notice and never at any time objected to it, or made any request for more or other proofs of loss; that the said company accepted and acted on the said notice as completely and fully as if the terms of the said policy, relative to proof of loss and notice, had been literally and technically complied with, and thereby caused petitioner to rely on the said oral notice as being sufficient and satisfactory to the said company; that petitioner is an illiterate person unable himself to make. a written notice, and that the only notice that he was capable of making was oral notice all of which was well known to the said company."

1. While mere parol notice of a fire loss to a local fire-insurance agent would not constitute a waiver of proofs of loss and other requirements of a policy of insurance (*Styles* v. *American Homes Insurance Co.*, 146 *Ga.* 92, 90 S. E. 718), under the facts of this case it is a question for a jury to determine whether the insurance company through its local agent waived strict proof as required by the policy by representing to the plaintiff that parol proof was all that was necessary, or if such representation was not made, whether the company sent a representative to

investigate the loss within the time provided for filing written proof of loss and thereby led plaintiff to believe that the parol proofs were sufficient. As to the first proposition this court has held that a local agent has authority to waive proofs of loss in the absence of a policy provision to the contrary. *Evans* v. *Globe & Rutgers Fire Ins. Co.*, 40 *Ga. App.* 375 (149 S. E. 798). On the second proposition we think that a jury would be authorized to find that the company waived the required proof of loss by acting on the parol notice within the time for filing written proof and leading the plaintiff to believe that no strict compliance with the provisions of the policy was required. The allegations of the petition as amended are sufficient to show that the action was filed after 60 days from the time of the alleged waiver of proof of loss by the local agent although it is silent as to when the investigation was made by the representative investigating the loss.

The court did not err in overruling the demurrers to the petition.

*Judgment affirmed. Sutton, C. J., and Worrill, J., concur.*