36167. BOWEN *v.* JOHN DEERE PLOW COMPANY.

DECIDED APRIL 10, 1956.

*Jackson & Graham,* for plaintiff in error.

*Homer S. Durden, Jr., Wm. T. Darby, Hugh M. Dorsey, Jr.,* contra.

GARDNER, P. J. We have set out all of the evidence which is material to the determination of this case. The terms of the sales order signed in triplicate by the defendant, bearing the same date as the note signed by the defendant, show that the defendant agreed to give the machine a fair trial as soon as possible after receiving the machine; and that, if the machine failed to fulfill the warranties given by the company (set out in the sales order), then the purchaser is "to give the seller written notice within three days after said trial, stating the nature of the trouble, and allow a reasonable time for the seller to send a competent man to examine it . . . and remedy the trouble." This the purchaser failed to do.

We are fully cognizant that it is never error to refuse to direct

a verdict, but under the evidence, submitted to the jury, no verdict was possible other than a verdict in favor of the plaintiff. The statement of the judge in directing a verdict went to the general grounds, and under the evidence and the whole record it did not change the inevitable outcome of the case, and hence was not harmful to the cause of the defendant. The defendant did not meet the terms of the contract of sale (sales order) which he signed. He did not complain in the manner set out in the sales order, a vital part of the whole transaction. All this is part of the record, the sales order and the note being set out in the record as exhibits.

Nor is the contract unilateral, as in *Lowery Lock Co.* v. *Wright,* 154 *Ga.* 867 (1e) (115 S. E. 801), and *Mallet & Nutt* v. *Watkins,* 132 *Ga.* 700 (64 S. E. 999, 131 Am. St. R. 226).

It is contended that the evidence showed a waiver by McArthur Tractor & Implement Company of the terms and conditions in the warranty agreement printed on the back of the sales order. Counsel cites *Gray Lumber Co.* v. *Harris,* 8 *Ga. App.* 70 (68 S. E. 749), in support of this contention. In the case cited there was some evidence to show waiver, but we do not consider that any element of evidence in the instant case indicates waiver. We have read and considered all other cases cited by counsel for the defendant, i.e.: *Kennedy* v. *Manry,* 6 *Ga. App.* 816 (66 S. E. 29); *Barkley* v. *American Nat. Ins. Co.,* 36 *Ga. App.* 447 (1) (136 S. E. 803); *Stapleton* v. *Dismukes,* 43 *Ga. App.* 611, 621 (159 S. E. 768); *Loftis* v. *Metropolitan Casualty Ins. Co. of New York,* 46 *Ga. App.* 438, 442 (167 S. E. 729); *Sentinel Fire Ins. Co.* v. *McRoberts,* 50 *Ga. App.* 732, 738 (179 S. E. 256); *City of Albany* v. *Mitchell,* 81 *Ga. App.* 408 (1) (59 S. E. 2d 37); and *Philadelphia Fire &c. Ins. Co.* v. *Burroughs,* 176 *Ga.* 260, 262 (168 S. E. 36). We do not consider that these cases are authority for a reversal of the instant case, since the pleading and evidence differ materially from those of the instant case.

The court did not err in denying the motion for a new trial for any of the reasons assigned.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*