41520. SUN INSURANCE COMPANY OF NEW YORK v. LEAGUE.

Argued September 14, 1965—Decided November 10, 1965.

*Smith, Ringel, Martin & Lowe, Hoke Smith,* for plaintiff in error.

*Wotton, Long, Jones & Read, Calhoun A. Long,* contra.

Bell, Presiding Judge. ■ As to the fair market value of plaintiff's car immediately prior to the collision, the highest value testified to was $3,000. As to the fair market value of the car after the collision, one of plaintiff's witnesses testified that the witness had received several offers, ranging from $400 to $900, to purchase the car for salvage and that in his opinion the car was worth $900. Defendant's adjuster testified, "After

the collision I thought the car would be worth five or six hundred dollars. I sent out and got some salvage bids and finally we got a bid of $750."

Defendant points out that the highest estimate of $3,000 before the collision, minus the salvage offer of $400, minus $50 deductible under the policy, leaves only $2,550 as the largest possible verdict authorized by the evidence. On that basis defendant argues that the verdict of $2,650 was excessive.

This contention has no merit, for there was other evidence indicative of the value of the car after the collision. Photographs of the car, itemized estimates of the cost of repairs and the testimony of automobile repairmen graphically and vividly demonstrate the condition of the car after the collision and the extensive damage upon it.

Market value may be established by either direct or circumstantial evidence. *Atlantic C. L. R. Co. v. Harris,* 1 Ga. App. 667, 669 (57 SE 1030); *Landrum v. Swann,* 8 Ga. App. 209 (2) (68 SE 862); *Farm Products Co. v. Eubanks,* 29 Ga. App. 604, 607 (116 SE 327). On this issue, the jury "are not absolutely bound even by the uncontradicted testimony of experts, but may consider the nature of the property involved and any other facts or circumstances within their knowledge in arriving at a verdict, provided there are in evidence sufficient facts from which they may draw a legitimate conclusion." *Grant v. Dannals,* 87 Ga. App. 389, 391 (74 SE2d 119). "Questions of value are peculiarly for the determination of the jury, where there is any data in the evidence upon which the jury may legitimately exercise their 'own knowledge and ideas.'" *Dixon v. Cassels Co.,* 34 Ga. App. 478 (3) (130 SE 75). See also, *Atlantic C.L.R. Co. v. Clements,* 92 Ga. App. 451, 455 (88 SE2d 809); *Childs v. Logan Motor Co.,* 103 Ga. App. 633, 639 (120 SE2d 138).

The verdict of $2,650 for loss under the policy was authorized by the evidence.

■ On the issue of bad faith defendant insists that *State Farm &c. Co. v. Thain,* 108 Ga. App. 104, 105 (132 SE2d 148) is controlling. In that case, the defendant waived the time of filing proof of loss, and while the insured had made oral de-

mands for payment of his claim prior to filing proof of loss, the insured made no further demand for payment of the claim after filing proof of loss—that is, after the claim became due.

Here there was evidence which authorized a finding that the proof of loss required by the policy was waived altogether, either by defendant's local sales agent or by defendant's claim adjuster, agents having apparent authority to waive proof of loss in the absence of notice to the contrary. See *Corporation of the Royal Exchange &c. of London v. Franklin*, 158 Ga. 644, 652-655 (3) (124 SE 172, 38 ALR 626); *Barkley v. American Nat. Ins. Co.*, 36 Ga. App. 447 (1) (136 SE 803); *Evans v. Globe &c. Ins. Co.*, 40 Ga. App. 375 (1) (149 SE 798); *Fidelity-Phenix Fire Ins. Co. v. Berry*, 81 Ga. App. 209, 212 (58 SE2d 492). Under these circumstances the claim became due when proof of loss was waived, even though written proof of loss later was filed with defendant. As the evidence shows that plaintiff made demands for settlement of the claim after it became due or concurrently with the waiver, the *Thain* case clearly is not applicable here.

The verdict for plaintiff on the issue of bad faith was authorized by the evidence.

The special grounds of the motion for new trial were abandoned.

The trial court did not err in denying defendant's motion for new trial and motion for judgment notwithstanding the verdict.

*Judgment affirmed. Frankum and Hall, JJ., concur.*