The Merchants' and Mechanics'. Insurance Co. *vs.* Vining & Brother, for use.

---

## THE MERCHANTS' AND MECHANICS' INSURANCE COMPANY *vs.* VINING & BROTHER, for use.

1. Where the general agent of an insurance company refused to settle with a policy holder who claimed to have sustained a loss, until the termination of certain garnishment cases, and refused to fix either the liability or the amount thereof, alleging such garnishments as a reason, such conduct amounted to a refusal to pay and a waiver of preliminary proofs, at least during the pendency of the garnishment cases.

2. That a case is brought in the name of one person for the use of another makes no difference to the defendant, unless there is some defense as against the usee, or the creation of the use affects his rights.

(*a.*) If a debtor be garnished by creditors of his creditor, and the debt is claimed by a usee, on proper answer the court will decide between the usee and garnishing creditors, and so protect the debtor.

3. The refusals to charge are governed by the first head-note.

4. Where the general charge is full and correct on a certain branch of a case, and a special request on that subject is faulty, its refusal will not operate to cause a new trial.

5. If proof of loss be made to a general adjuster of a foreign insurance company who is engaged in the adjustment of this particular loss, it is sufficient, without also making such proofs to the " home office."

6. There is evidence enough to sustain the verdict in this case.

Insurance. Contracts. Waiver. Charge of Court. Fraud. Principal and Agent. New Trial. Before Judge WILLIS. Muscogee Superior Court. November Adjourned Term, 1880.

Vining & Brother sued the Merchants' and Mechanics' Insurance Company of Virginia, on a policy of insurance for $1,000.00, for the use of certain named parties. On the trial it appeared that the fire occurred in January, 1879; that within about two weeks after the fire Hawks, who was the general adjuster of the company in Georgia, went to the scene of the fire to adjust the loss. He furnished plaintiffs with blank proofs of loss, which they filled out and exhibited to him. He made no objection to them except as to a calculation to reach the amount lost. They then turned the proofs over to their attorneys, who went to see Willcox, the general agent of the company, at Columbus, Ga. He said he could do nothing, as the company had been garnished by creditors of plaintiffs. Their counsel sought to settle the amount of the loss, leaving the mode of its payment alone open, but Willcox said he could do nothing on account of the pendency of garnishments; and they are still pending. The proofs of loss were filed with Willcox in May or June, and suit brought to the next fall term of court. The jury found for the plaintiffs. Defendant moved for a new trial, on the following among other grounds:

(1.) Because the court refused to give in charge to the jury the following request in writing: "This suit having been brought in the name of A. G. Vining & Bro., for the use of certain named parties, the court charges you as matter of law that the real parties plaintiff are the usees named. If therefore the evidence shows no transfer, either by the act of A. G. Vining & Bro. or by the operation of law, of the policy of insurance, or of the amount due thereon to the usees, the jury cannot find a verdict in their favor."

(2.) Because the court refused to give to the jury the fol-

lowing request in writing: "The policy sued on in this case by the terms and conditions thereof did not become due until sixty days after notice and proofs of the loss had been given either to the company at its office in Richmond, Virginia, or to its agent in this state; and the act of showing the proofs to an adjuster of the company to inquire if they were in proper form, is not a compliance with such terms and conditions."

(3.) Because the court refused to give in charge to the jury the following request in writing: "If the jury believe that any demand was made for payment whilst the company was garnished at the instance of creditors of A. G. Vining & Bro. in suits claiming as much or more than the amount due on the policy; and if the company refused to pay because of such garnishments, then such refusal would not be a waiver of filing of such proofs."

(4.) Because the court refused to charge the jury the following request in writing: "If the jury believe from the evidence that the assured, A. G. Vining & Bro., did, in order to obtain the issuance of this policy, make a written application, and in such application the assured in answer to a question 'what was the date and amount of the last inventory'? the assured answered, that the last inventory taken was in the fall of 1878, and if the evidence show that no inventory was taken in the fall of 1878, and that the last one was taken in the fall of 1877, and the amount was $1600.00, and not $2000.00, then the policy is void."

On this point the facts are these: The application to obtain insurance in December, 1878, stated that the plaintiffs took an annual inventory of stock; that the last one had been made "last fall," and amounted to $1500.00.

(5.) Because the court charged the jury as follows: "If this company employed an adjuster, and, after notice of the loss, sent him to where this fire occurred, and where plaintiffs lived, and plaintiffs submitted to him their books and invoices and such further proof as was required of

them by the adjuster, and said proofs were submitted to him within a reasonable length of time, and he made no objection to them on account of insufficiencies; then they would not be required to give any other or further notice to this company or its agents to authorize them to recover, because that would amount to a waiver. But if you believe from the testimony that these plaintiffs made out their proofs, and did not submit them to this company or its adjuster or other agent within a reasonable length of time after the fire, and were not prevented from doing so by any act or statement of this company or its agent, then they would not be entitled to recover, unless you should believe the company or its agent refused to make any payment."

(6.) Because the verdict is decidedly and strongly against the weight of the evidence and contrary to law.

The motion was overruled, and defendant excepted.

PEABODY & BRANNON, for plaintiff in error.

BLANDFORD & GARRARD, for defendants.

JACKSON, Chief Justice.

1. The important question in this case in respect to the charge of the court touching the refusal of the company to pay the policy, and thereby the waiver of proof of loss, at least so far as not to defeat the recovery here because of the delay in making that proof, has been discussed and decided by this court this morning in the opinion pronounced by Judge CRAWFORD, and hence it is unnecessary to do more than refer to that decision. It may be added to that argument that the terms of these two policies, both exactly alike, do not require the forfeiture of the policies, even if nothing equivalent to an absolute waiver had occurred; because the stipulation is that the company shall not be sued until sixty days after the proof of loss, and this suit has not been brought sooner than that time.

But when a man absolutely refuses to settle with another until the termination of another suit, it would seem that such refusal to settle is an absolute refusal to pay until that time has expired; and as the proof was made in some two months afterwards to the general agent at Columbus, himself, it is difficult to see how the defendant was hurt by any charge bearing on this point. The time when made is reasonable under all the facts, and it would have been a great wrong to allow the recovery to be defeated on such a point. A great wrong, or that which works a great wrong without some show of reason, cannot be law.

2. Nor can we see what it matters to this company to whom the money recovered will go, to the parties holding the legal title, or to the usees. If they be garnished as to what they owe the former, they have but to answer the facts, and the court will take care of them and decide as between the usees and the garnishing creditors to whom the money should be paid eventually. If the company itself had any claim against Vining & Bro., any set-off or plea against Vining & Bro., which would not be good against their usees, then indeed the title might be subject matter of inquiry. And so this court has substantially ruled. 62 *Ga.*, 187.

The usee might have been stricken or changed, the case cited rules; and it would be no concern of the company unless thereby some defense of theirs, as set-off or the like, had been defeated.

There is no plea or pretense that it was assigned before the fire, and this disposes of all points in respect to the suit being for the use of the parties named.

3. Most of the requests to charge are in respect to the waiver of proof of loss by the refusal to settle, and are ruled in the case referred to in the first division of this opinion. They are mere variations of objection to the charge of the court on that subject, and antagonize the view we take, that what transpired in respect to the re-

fusal to settle, amounts to a refusal to pay, and would not operate in law to defeat a recovery.

4. The twelfth request is to the effect that if a certain misrepresentation was made, it would render the policy void. That alleged misrepresentation is that the inventory of the goods in the store was represented in the application as taken in 1878, when it was taken in 1877, and that the stock on hand was worth two thousand dollars, when really it was worth but sixteen hundred dollars. The general charge of the court is full and explicit and strong on the subject of misrepresentations and their effect, and the utmost good faith which the law required in applications for the policy. Still, if there be evidence to support this request, it should have been given. But in examining the record, we do not see that the policy contains a statement by the assured that the stock was worth two thousand dollars on the 3d of December, but the statement is that he answered "about $1500.00 last fall." So that the request is in part faulty, there being no representation that the stock was worth two thousand dollars.

The general charge being sound, and the special request not supported in its entirety by the testimony, we think that the latter should not have been given, and that the court committed no error in refusing it.

5. Under the proof that the adjuster was an agent of the company, like Willcox, the agent at Columbus, and its general adjuster of losses, sent to adjust this loss, we think that he was as fully authorized as was Willcox to receive the proof of loss, and the company being a foreign corporation, proof of loss could be made to an agent, as this court has held, 62 *Ga.*, 196 ; and as there is proof that it was made to Hawks, the adjuster, within two weeks or thereabouts of the date of the fire, there was no error in the charge, that if such was done in a reasonable time, it sufficed without further proof of loss to the company at Richmond, Virginia, or Willcox, the agent at Columbus.

And this view strengthens and settles all that has been

held by us touching the effect of refusal to pay, and its effect on waiver of proof of loss for two or three months, so far as this case is concerned, as the proof was given to an authorized agent to adjust the loss in this case, and who was the general agent for Georgia to do that work, within a few weeks, which surely was a reasonable time.

6. There is proof enough to sustain the verdict, though the evidence be conflicting, and the weight of it may incline to the fact that it is somewhat large; yet when the jury find it and there is evidence to support the finding, and the presiding judge approves it, this court does not interfere.

Judgment affirmed.