## PORTER *v.* HOME FRIENDLY SOCIETY.

114  937
116  131
114  937
c123 408

1. When a policy or certificate evidencing a contract of life-insurance expressly stipulates that " the disappearance or long-continued absence of the [insured] unheard of shall not be regarded as evidence of death or any right to recover till the full term of expectation has expired," the person named as beneficiary in such policy is not entitled to maintain an action thereon on the theory that the insured has disappeared and has not been seen or heard of for a period exceeding seven years, without alleging that the full term of his life expectancy has expired.
2. Where in such an instrument there is an express stipulation that " no agent has authority in any manner . . to make, alter, or discharge contracts," the beneficiary is not entitled to maintain an action against the insurance company on the theory that one of its agents had made an agreement with such beneficiary to the effect that if the latter would pay the premiums, etc., for a specified number of years, the amount of the policy would then be paid to her.

Submitted February 14,—Decided March 12, 1902.

Action on insurance policy. Before Judge Reid. City court of Atlanta. May 4, 1901.

*Edgar Latham* and *W. H. Terrell,* for plaintiff: Time of performance may be waived: 62 *Ga.* 247; 74 *Ga.* 51. Waiver of conditions: 98 *Ga.* 262, 266; Id. 533, and citations; 41 *Ga.* 130. Compromise agreement with beneficiary enforceable though insured still living: 163 N. Y. 374, s. c. 50 Lawy. Rep. Annot. 204.

*Howard Van Epps,* for defendant: The member being twenty-one years of age when the certificate was issued, his life expectancy

had not expired when the suit was brought.    See tables, 70 *Ga.* 844—6.    According to one line of authorities, death is presumed to have occurred at the expiration of seven years from the time of disappearance.    46 Ill. 230, s. c. 92 Am. Dec. 248; 155 Ill. 636; 36 Mich. 181; 13 Mo. App. 341; 11 N. H. 191; 15 N. J. Eq. 119; 3 Abb. Prac. 218; 4 Whart. 150; 13 Phila. 325; Bailey's Eq. 102. And see 14 Fed. Rep. 23; 4 McCrary, C. C. 508; 107 Ind. 288. But the true principle is that where one has been absent seven years without having been heard of, the only presumption arising is that he is dead; there is none as to the time of his death.    97 U. S. 628 (citing approvingly 1 *Ga.* 538); 36 Ill. 232; 62 Mo. 26; 35 N. C. 33; 1 Barb. Ch. 455; 72 Wis. 170.    Where the contract fixes the date of the death as a point for the beginning of a certain period within which duties defined in the contract are to be performed by the holder of the policy, no presumption arises as to the date, and the exact date must be alleged and proved.    81 Va. 724; 31 S. E. 945; 97 U. S. 628.    If the end of the seven years is to be treated as the time of death, proofs of death were not made within ninety days, as required by the certificate of membership.    Other citations: 39 *Ga.* 479; 103 *Ga.* 736; Civil Code, § 2022; 36 *Ga.* 429; 106 *Ga.* 842.

FISH, J.    On the 18th of May, 1900, Emma Porter brought suit, in the city court of Atlanta, against the Home Friendly Society, upon a policy or certificate of life-insurance issued by the defendant to her son, Robert P. Porter, in which she was named as the beneficiary.    The petition alleged that the defendant was a corporation created under the laws of the State of Maryland, having a place of business and an agent in the city of Atlanta, Ga.; that the policy was issued on the 7th day of April, 1890; that in 1892 Robert P. Porter disappeared and had not since been seen or heard of; that immediately upon his disappearance the plaintiff notified the defendant, verbally at its office in the city of Atlanta, of such disappearance; that the defendant "then and there, upon notice aforesaid, agreed with petitioner that if she would promptly pay all assessments and premiums and dues upon said policy or certificate, it would pay the full amount thereof," and "would waive the terms and conditions embodied in and set forth in the first sentence of the eighth clause of said policy."    A copy of the policy or certificate of insurance was attached to the petition as an exhibit, from

which it appeared that "the terms and conditions" here referred to were, that "the disappearance or long-continued absence of the member unheard of shall not be regarded as evidence of death or any right to recover till the full term of expectation has expired." It was further alleged that, "in accordance with said agreement, she did pay to the said defendant all dues and assessments and premiums upon said policy up to and including the 25th day of April, 1900, making the full term of ten years as aforesaid," and that the defendant had declined to pay the amount of the certificate. It was also alleged that the assured was dead, as more than seven years had elapsed since he was last seen or heard of. The defendant demurred to the petition, upon several grounds, among which were: that no cause of action was set forth; that it appeared, from the copy of the policy attached to the petition, that one of its stipulations was, that "the disappearance or long-continued absence of the member unheard of shall not be regarded as evidence of death or any right to recover till the full term of expectation has expired," and that the plaintiff did not aver "in her petition that this condition had been complied with," and therefore the action was prematurely brought; that the "plaintiff's suggestion that the defendant has waived any of the clauses and conditions of said policy can not be allowed, because paragraph 9 of said policy, as contained and set forth in the exhibit to petitioner's complaint, provides as follows: 'No agent has authority in any manner to postpone any payment, to make, alter, or discharge contracts.'" The plaintiff, with leave of the court, amended her petition by alleging that the agreement with her was made by the defendant, through the agent in charge of its office and affairs in the city of Atlanta, whose name she did not remember; that one G. W. Wilcox, who secured the application for the policy, "soon after the aforesaid agreement" stated to her "that she would be entitled under said agreement to collect the face value of said policy at the expiration of the ten years aforesaid on the tontine plan;" and that "soon after said agreement with the agent of the defendant at the Atlanta office, the traveling agent of the defendant came to her home in the city of Atlanta and stated that said agreement should be kept, and that if she would make the payments for ten years the company would pay the face value of said policy." The defendant demurred to the petition as amended, and moved to strike the amendment. The court struck the amend-

ment, sustained the demurrer to the petition, and dismissed the same; to which rulings the plaintiff excepted.

1. In our opinion, there was no error in sustaining the demurrer and dismissing the petition. In the face of the express stipulation in the policy that "the disappearance or long-continued absence of the [assured] shall not be regarded as evidence of death or any right to recover till the full term of expectation has expired," the plaintiff, without alleging that such "term of expectation" had expired, could not rely upon the alleged fact that more than seven years before the suit was brought the assured had disappeared and had not since been seen or heard of, as evidence of his death.

2. Nor could she recover upon the theory that this stipulation had been waived and the original contract altered, or changed, or superseded by a new one, by an agreement between the company and herself; because the contract expressly provided that "no agent has authority in any manner . . to make, alter, or discharge contracts," and her petition showed that the alleged waiver upon which she relied and the alleged alteration, or change, in the contract were made by the agent in charge of the company's office in Atlanta. The amendment which the court struck would not have helped the plaintiff's case; for it only made more clearly apparent the fact that she was seeking to recover upon an alleged compliance upon her part with an agreement made with her by some agent, or agents, of the company, who, under an express stipulation in the original contract, had no authority "to make, alter, or discharge contracts." It is obvious that the court committed no error in striking this amendment.

*Judgment affirmed. All the Justices concurring, except Little, J., absent.*