13126.   NORTHERN ASSURANCE COMPANY LIMITED *v.* PATE.

This case is controlled by the rulings made in *Williams* v. *Atlas Assurance Co.*, 22 *Ga. App.* 661 (97 S. E. 91), and cases there cited.   Under the express terms of the policy requiring sworn written proof of loss to the insurer, the conduct of the local agent who issued the policy, in assuming to decline payment for the loss, would not constitute a waiver of such proof; nor, in view of other express stipulations of the policy, would such writing be waived on account of the act of the company's. adjuster in taking charge of what remained of the burned automobile for the benefit of all concerned.

DECIDED SEPTEMBER 23, 1922.

Action on insurance policy; from city court of Savannah — Judge Freeman.   November 9, 1921.

*Travis & Travis,* for plaintiff in error.

*I. C. Farthing, H. P. Cobb,* contra.

JENKINS, P. J.   The plaintiff sued, on account of the loss by fire of his automobile, for the face value of an insurance policy containing the following provisions: *" Notice and proof of loss.* In the event of loss or damage, the assured shall forthwith give

notice thereof in writing to this company or the authorized agent who issued this policy, and shall protect the property from further loss or damage; and within 60 days thereafter, unless such time is extended in writing by this company, shall render a statement to this company, signed and sworn to by said assured, stating the knowledge and belief of the assured as to the time and cause of the loss or damage, the interest of the assured and of all others in the property. . . It is a condition of this policy that failure on the part of the assured to render such sworn statement of loss to the company within 60 days of the date of loss (unless such time is extended in writing by the company) shall render such claim null and void."

"*Protection of salvage.* Any act of the assured or this company or its agent in recovering, saving and preserving the property described herein in case of loss or damage, shall be considered as done for the benefit of all concerned and without prejudice to the rights of either party. . . "

"This policy is made and accepted subject to the provisions, exclusions, conditions and warranties set forth here or endorsed hereon together with such other provisions, exclusions, conditions or warranties as may be endorsed hereon or added hereto, and upon acceptance of this policy the assured agrees that its terms embody all agreements then existing between himself and the company, or any of its agents relating to the insurance described herein, and no officer, agent or other representative of this company shall have the power to waive any of the terms of this policy unless such waiver be written upon or attached hereto. . . "

The petition as amended alleges that after the fire, on July 24, 1920, the defendant sent an adjuster who took charge of the remains of the machine and held them for several weeks; that on August 25, 1920, plaintiff's attorney mailed to the defendant's local agents who issued the policy a letter to the effect that the automobile had been destroyed, that their adjuster had made an investigation on July 25, and that, if they were disposed to adjust the claim amicably, they should advise the attorney by return mail; and that "the representative of said company, namely, W. M. Coney, of W. M. Coney & Co., agents, rejected the claim of $700 on or about August 20, 1920, within 30 days from the said loss, telling petitioner that the company would not pay the

same." The defendant demurred both generally and specially to the amended petition, and moved to strike the amendment, relying chiefly upon the contention that under the quoted conditions of the policy and the failure to furnish the required sworn, written proof of loss to the company, there could be no recovery. The court in overruling the demurrers and the motion of the defendant states in his order that he did so "with much doubt as to waiver of preliminary statement." While the policy, with the condition requiring written proof of loss to the company, is set forth in the petition, there is no allegation showing a compliance with this requirement; nor is it contended that the letter addressed to the company's local agents constituted a bona fide informal attempt to comply with such condition; nor does it from any allegation appear that the local agent, whose refusal to pay is relied upon as constituting the statutory waiver of notice under section 2490 of the Civil Code (1910) was "such an authorized agent of the insurer as had authority to represent it in determining whether or not the policy should be paid," so as to fall within the exception recognized and stated in the controlling case.

It is not necessary to add anything further to the headnote.

*Judgment reversed. Stephens and Bell, JJ., concur.*