23037.   LIFE INSURANCE COMPANY OF VIRGINIA *v.* WILLIAMS.

DECIDED OCTOBER 21, 1933.    REHEARING DENIED DECEMBER 20, 1933.

*Green & Michael, John L. Green, Wheeler & Kenyon,* for plaintiff in error.

*Frank B. Stow, W. V. Lance,* contra.

SUTTON, J.   On April 16, 1929, the Life Insurance Company of Virginia, a foreign corporation, issued a policy on the life of James D. Williams, with his mother, Frances Williams, as the beneficiary. Williams paid the premium for the first year.   The policy contained this provision:   "A grace of one month (not less than 30 days) without interest, during which time the policy will remain in full force, will be allowed in the payment of any premium, except the first."   Attached to the policy was a rider wherein the insurance company, in consideration of a small additional annual premium, which was paid by the insured, agreed that "Upon receipt of proof satisfactory to the company at its home office that while the said policy was in full force and effect, before default in the payment of the premiums and before the anniversary of said policy on which the age of the insured at nearest birthday is sixty years, the insured has become totally disabled as defined below, and will be continuously so totally disabled for life, or if the proof submitted is not conclusive as to the permanency of such disability but establishes that the insured is, and for a period of not less than three consecutive months immediately preceding receipt of proof

has been, totally disabled as defined below, the company will waive the payment of any premium falling due under said policy during such disability, subject to the following conditions: Such waiver of premium shall become effective with the first premium falling due under said policy after the date of the commencement of such disability, provided, however, that in no case shall waiver begin as of a date more than six months prior to the date of receipt of the required proof." April 16, 1930, was the date when the next annual premium was payable, but, as seen above, this was extended until May 16, 1930, by reason of the period of grace provided for in the policy. On May 10, 1930, the insured became totally disabled. Torrance, the general agent of the insurer for the State of Georgia, was informed of this fact by Skelton, a brother-in-law of the insured, on said May 10, when Torrance stated to Skelton that the insured would have to be disabled for three months to receive the benefits of the disability clause. On August 2, 1930, Skelton carried to this general agent of the insurer a notice of the insured's disability and asked for proper blanks, in order to file proof of disability, and the agent refused to give him the blanks, stating that the policy had been lapsed by the insurer on May 16, 1930, for nonpayment of the premium on or before that date. On November 8, 1930, the insured died, having been totally disabled from May 10, 1930, to the date of his death. On November 15, 1930, a written notice, accompanied by a doctor's certificate, was delivered to the general agent of the insurer, informing him of the death of the insured and of his total disability from May 10, 1930, and of the fact that the beneficiary held the policy and wished to have furnished to her proper papers to be executed for proof of death and disability. This written notice and the doctor's certificate were forwarded by this agent to the home office of the insurer in Richmond, Virginia. On November 20, 1930, this agent, Torrance, wrote to Skelton that he was in receipt of a letter from the home office in reference to the claim under said policy, in which it stated that all rights under the policy had been forfeited, and that the contract of insurance provided that in order to make claim for disability, the claim must be made while the policy is in force and before default of premium, and, as no claim was made for disability until after the policy lapsed and after Mr. Williams' death, it could not recognize any claim under the policy. It appeared that

Skelton was acting for the insured in calling on Torrance and delivering the notice to him and asking for blanks to make proof of disability. The company having refused to pay the claim, the beneficiary sued out an attachment against it. The insurance company denied liability, on the ground that the policy was not in force at the time of the death of the insured and that no proof of disability had been furnished it while the policy was in force or at any other time. On the trial the above-stated facts appeared. The jury returned a verdict for the plaintiff for the face amount of the policy, with interest. The defendant moved for a new trial. The motion was overruled, and the defendant excepted.

■ Counsel for the insurance company states that a verdict for the plaintiff was contrary to law and to the evidence, and that the real issues in the case may be narrowed down to two questions, which it contends should be answered in the negative. The first one is, "Can the plaintiff in this case recover on the policy when the uncontradicted evidence shows that the premium due April 16, 1930, was never paid, even though there was a provision for thirty days of grace within which to pay it?"

The appellate courts of this State have adopted certain rules with reference to the construction of policies of insurance. If such a policy is capable of two constructions, that interpretation must be placed upon it which is most favorable to the insured. *Massachusetts Benefit Life Asso.* v. *Robinson,* 104 *Ga.* 256 (30 S. E. 918, 42 L. R. A. 261); *Kesler* v. *Commercial Casualty Insurance Co.,* 39 *Ga. App.* 197, 201 (146 S. E. 506). Policies of insurance must be liberally construed in favor of the object to be accomplished, and provisions therein will be strictly construed against the insurer, as they are issued upon printed forms prepared by experts at the instance of the insurer, in the preparation of which the insured has no voice. *Johnson* v. *Mutual Life Ins. Co.,* 154 *Ga.* 653 (115 S. E. 14); *Mandeville Mills* v. *Milam,* 39 *Ga. App.* 768, 771 (148 S. E. 418). Furthermore, in construing contracts of insurance, forfeitures are not favored. *Ætna Ins. Co.* v. *Lipsitz,* 130 *Ga.* 170, 175 (60 S. E. 531, 14 Ann. Cas. 1070).

With these legal sign-posts for our guidance, what is the proper construction to be given this provision in the policy in this case: "Upon proof satisfactory to the company . . that while the said policy was in force and effect, before default in the payment

of premiums, . . the insured has become totally disabled . . and for a period of not less than three consecutive months immediately preceding receipt of proof has been totally disabled, the company will waive the payment of any premium falling due under said policy during such disability. . . Such waiver of premium shall become effective with the first premium falling due under said policy after the date of the commencement of such disability?" Does this provision mean that proof of the disability must be furnished the insurer before default in the payment of the premium before the insurer will waive the payment of the premium? Or does it mean that where the insured becomes totally disabled while the policy is in full force and effect, the insurer will waive the payment of any premium falling due after the date of the commencement of the disability and during the continuance of such disability, on proof to the company of such disability, although this proof is not made before the expiration of the time for paying the premium, if it is made within the time under the' terms of the policy as a whole? We think it means the latter, as this construction is most favorable to the insured and gives effect to the object to be accomplished by the policy of insurance; and this is the correct rule to apply in the construction of the provisions of an insurance contract, as laid down in the numerous decisions of the Supreme Court and of this court.

The United States Circuit Court of Appeals, Eighth Circuit, had before it the construction of a disability benefit clause in a policy of life insurance very similar to the one in the policy involved in this case. The policy in that case provided that if the insured, while the policy is in full force and effect, and without default in the payment of premiums, "shall become totally and permanently disabled, as hereinafter provided, and shall furnish satisfactory proof thereof, the company will waive the payment of premiums thereafter becoming due. . . Second: Upon the receipt of due proof of total and permanent disabilities as above defined, the company will waive the payment of all premiums thereafter becoming due." In that case the total disability occurred during the grace period of the policy, and the court said that this was the question to be decided, "Did the provisions of the policy require a waiver of the payment of the premium which became due October 14, 1926, merely because the insured became totally and permanently disabled

during the grace period?" The court held in that case that a provision in a policy of life insurance, waiving payment of premiums on proof of permanent total disability, required waiver of payment where the insured became disabled during the grace period, although the proof of such disability was not made within the grace period. In that case, as in this case, the company had declared the policy lapsed for nonpayment of premium, and refused to pay the claim thereunder. Minnesota Mut. Life Ins. Co. v. Marshall, 29 Fed. (2d) 977. In the case of Bergholm v. Peoria Life Ins. Co., 284 U. S. 489 (52 Sup. Ct. 230, 76 L. ed. 416), the Supreme Court of the United States approved the above-cited decision of the Circuit Court of Appeals, stating that they did not question the soundness of that decision in construing the provisions of the policy there dealt with to mean that "the waiver took effect at the time of the disability, and did not depend upon the time when proof thereof was furnished."

The Supreme Court of this State, in construing the disability benefit clause in a life-insurance policy, held : "Where a life-insurance policy provides that 'if any subsequent premium be not paid when due, then this policy shall cease, subject to the values and privileges hereinafter described, except that a grace of thirty-one days, during which time the policy remains in full force, will be allowed for the payment of any premium after the first, provided that with the payment of such premium interest at the rate of six per cent. per annum is also paid thereon for the days of grace taken; but for any reckoning herein named the time when a premium becomes due shall be the day herein stipulated therefor without grace,' and that 'six months after proof is received at the home office of the company, before the sum of any installment thereof becomes payable, that the insured has become wholly, continuously, and permanently disabled . . from causes originating after the delivery of this policy, the company will, if all premiums previously due have been paid, waive the payment of all premiums falling due thereafter during such disability, and . . will pay to the life beneficiary' certain monthly indemnities provided therein; and where, after the arrival of the first anniversary of the policy, but during and before the expiration of the thirty-one day grace period, the insured becomes totally disabled, and continuously thereafter remains totally disabled, the nonpayment of

the second premium on or before the maturity of the grace period will not cause the policy to lapse, and will not prevent a recovery of the monthly indemnities therein provided for." *Ætna Life Ins. Co.* v. *Palmer,* 159 *Ga.* 371 (125 S. E. 829).

The right of the insured to have his insurance continued without the payment of premiums during disability is one extended to him for a consideration paid by him to the insurer. To make its operation depend upon the time of proof of disability, and not upon the time of disability itself, which was the real thing he was protecting himself against, might render the provisions of the policy under consideration inoperative and the right of no value. If the insured had died during the grace period, without the payment of the premium on April 16, 1930, its annual due date, no question could be raised as to the right of the beneficiary to recover. Then, why should a different rule be applied when a disability occurs during the grace period, which renders him totally disabled? To give the insured the full benefit of his policy, and carry out the intention which was doubtless in the minds of the contracting parties when the policy was written, his policy should not be forfeited, where his disability occurs during the grace period of his policy and continues until his death, and proof of such disability is made or waived within the time prescribed by the terms of the policy as a whole. If the insured when in good standing became totally disabled, under the provisions of this policy he had the right to protection. A disability benefit such as the one provided for by it, where the disability occurs near the due date of the premium and continues until death, might be rendered worthless by holding that the proof of disability, and not the disability itself, fixes the right of waiver. Such a construction is unreasonable, and ought not to be adopted, if the language used in the policy is susceptible of a construction more favorable to the insured.

There is no merit in the contention that the premium was really due on April 16, 1930, and that when the insured became totally disabled the policy was not in full force and effect. The premium was not due, in the sense that the failure to pay it would result in a forfeiture of the policy, until expiration of the grace period. A policy of insurance is not in default on account of nonpayment of premiums, where the loss occurs during the grace period. *Life Ins. Co. of Va.* v. *Brooks,* 46 *Ga. App.* 357 (167 S. E. 785) ; *Ætna*

*Life Ins. Co.* v. *Palmer,* supra. The policy was therefore in full force and effect at the time the insured became totally disabled, and, under the construction which we place on the disability benefit clause of the policy, it was in full force and effect on August 2, 1930, when the insured attempted to file proof of disability.

This court is not unaware of the decisions of the courts in many other jurisdictions which, without close examination, appear to be contrary to what is ruled in the present case. However, from an examination of the provisions of the policies of insurance involved in those cases it appears that they contained different provisions as to disability benefits, and provisions which could be easily construed as meaning that the filing of the proof of disability, and not the disability itself, fixed the time when the waiver of premiums began. See Smith *v.* Missouri State Life Ins. Co., 134 Kan. 426 (7 Pac. (2d) 65), in which case most of the authorities on this subject are cited and reviewed. The insurance companies do not appear to have adopted a uniform disability clause, and consequently each case must stand upon its own bottom and be controlled by the construction of the particular contract under consideration. The decisions in the following cases reached a similar conclusion to the one reached in the present case. Swann *v.* Atlantic Life Ins. Co., 156 Va. 852 (159 S. E. 192) ; Levan *v.* Metropolitan Life Ins. Co., 138 S. C. 253 (136 S. E. 304) ; Marti *v.* Midwest Life Ins. Co., 108 Neb. 845 (189 N. W. 388; 29 A. L. R. 1507) ; Minnesota Mut. Life Ins. Co. *v.* Marshall, supra; Pfeiffer *v.* Missouri State Life Ins. Co., 174 Ark. 783 (297 S. W. 847, 54 A. L. R. 600).

The decision of this court in *Northwestern Mutual Life Ins. Co.* v. *Dean,* 43 *Ga. App.* 67 (157 S. E. 878), affirmed by the Supreme Court in 175 *Ga.* 321 (165 S. E. 235), is not contrary to our holding in this case. In that case the proof of disability was never furnished to the insurer, whereas in the case at bar the furnishing of such proof was waived by the company, as will be shown hereafter in this opinion. Furthermore, in that case the provision in the policy as to disability benefits specifically provided that the insurer "on receipt of such proof, will by suitable endorsement of this agreement waive the payment of the premiums thereafter falling due."

It will be noted from a reading of the other provisions in the policy in this case that the intent of the provision with which we

are dealing is that the date of the disability, and not the furnishing of the proof of disability, fixes the time when the waiver of premiums begins. The policy provides that "in no case shall waiver begin as of a date more than six months prior to the date of receipt of the required proof." Certainly this shows that it is the date of the disability, and not the date of the receipt of the required proof, that fixes the time. The statement in the policy, that the insured must have been totally disabled for a period of three consecutive months immediately preceding receipt of proof of disability, in order to obtain the benefit of the waiver of premiums by the insurer, shows that it is the time of the disability, and not the time of the filing of the proof of disability, which fixes the time of the waiver of the payment of premiums by the insurance company.

Moreover, the policy further provides that "If the said policy shall lapse for the nonpayment of any premium after the insured has become totally disabled as above defined, the company will reinstate the said policy as if said lapse had not occurred, provided due proof is furnished the company, within six months after the date of nonpayment of premium, that the insured is and has been continuously so disabled from said date of nonpayment of premium, and that such disability will continue for life or has continued for not less than three consecutive months." It is our opinion that this provision in the policy itself shows that the insurer did not have the right to lapse the policy for nonpayment of premium at a time when the insured was totally disabled and then refuse to accept the proof of disability, which was offered within time, it being undisputed that the insured became totally disabled before the policy had been lapsed by the company and while it was in full force and effect.

■ The second question in the case, as stated by counsel for the insurance company, is, "did the refusal of the agent of the plaintiff in error to furnish blanks upon which to submit proof of disability amount to a waiver?" The uncontradicted evidence in the case showed that on May 10, 1930, on being informed by Skelton, the brother-in-law of the insured, that the insured was sick, the general agent of the insurer for this State told Skelton that the insured would have to be disabled three months prior to filing proof of disability. This agent then testified that he never heard any

more from any one in connection with the insured's disability until August 2, 1930. On that date Skelton, representing the insured, carried a notice to this general agent, notifying him that the insured was still disabled, and requested of him proper blanks on which to make out proof of disability. This agent then informed Skelton that the policy had lapsed on May 16, 1930, by reason of the nonpayment of the premium on or before that date, and that there was no need to make any proof of disability, and refused to furnish him any blanks.

It is the settled law of this State that where an insurance company, within the time for presenting proof of loss, denies liability or refuses to pay the loss, it thereby waives the necessity of furnishing such proof. Civil Code (1910), § 2490; *Harp* v. *Fireman's Fund Ins. Co.,* 130 *Ga.* 726 (61 S. E. 704, 14 Ann. Cas. 299); *Central &c. Ins. Co.* v. *Graham,* 24 *Ga. App.* 199 (99 S. E. 434); *Union Fire Ins. Co.* v. *Stone,* 41 *Ga. App.* 49 (6) (152 S. E. 146). It has been held by numerous authorities in this State that an absolute refusal to pay or a denial of liability under the policy, made by an authorized agent of the insurer, waives the requirement of proof of loss. *Ætna Ins. Co.* v. *Sparks,* 62 *Ga.* 187 (6); *Merchants' & Mechanics' Ins. Co.* v. *Vining,* 67 *Ga.* 661; *Liverpool &c. Ins. Co.* v. *Ellington,* 94 *Ga.* 785 (3) (21 S. E. 1006); *Phenix Ins. Co.* v. *Searles,* 100 *Ga.* 97 (4) (27 S. E. 779); *Moore* v. *Dixie Fire Ins. Co.,* 19 *Ga. App.* 800, 803 (92 S. E. 302); *Williams* v. *Atlas Assurance Co.,* 22 *Ga. App.* 661 (97 S. E. 91). If liability is denied on the ground that the contract of insurance was not in force at the time of the loss, notice and proofs of loss are waived. 33 C. J. 32, § 694. If the insurer refuses to furnish blanks for proof of loss or disability, on the ground that no liability exists, it waives the furnishing of such proof in behalf of the insured. 14 R. C. L., § 520; 137 Am. St. R. 732, note; Life Ins. Co. of Va. *v.* Brooks, supra.

However, it is insisted that the provision in the contract of insurance in this case, that "agents are authorized to receive and forward applications for insurance, but only the president, a vicepresident, secretary, assistant secretary or actuary has power on behalf of the company to make or modify this or any contract of insurance, or to extend the time for paying any premium, and the company shall not be bound by any promise or representation here-

tofore or hereafter made, unless made in writing by one of the officers," prevents the conduct of the general agent of the company, in refusing to furnish blanks to make proof of disability, on the ground that the policy had lapsed for nonpayment of the premium, from operating as a waiver of the filing of proof of disability. To sustain this view, counsel for the insurer rely upon the decisions in *Bailey* v. *First National Fire Ins. Co.*, 18 *Ga. App.* 213 (89 S. E. 80), *Folds* v. *Fireman's Fund Ins. Co.*, 28 *Ga. App.* 323 (110 S. E. 925), and *Northern Assurance Co.* v. *Pate*, 29 *Ga. App.* 90 (114 S. E. 69), which decisions are to the effect that where a contract of insurance contains a provision that no officer, agent, or representative of the company shall have power to waive, or be deemed to have waived, any provision or condition of the policy, unless such waiver be written upon or attached to the policy, and this by the proper officer of the company having authority to do so, a refusal to pay or denial of liability by an agent of the company, even though he be a general agent, would not bind the company as a waiver on its part of the contractual duty of furnishing the proof of loss called for by the terms of the contract of insurance. The Supreme Court disapproved the above ruling of this court in the case of *Corporation of Royal Exchange Assurance* v. *Franklin*, 158 *Ga.* 644, 653, 654 (124 S. E. 172), wherein that court said "This ruling of the Court of Appeals is not in harmony with the great weight of authority."

A clause in a policy of insurance prohibiting any waiver unless endorsed thereon refers only to those provisions of the policy which enter into and form a part of the contract of insurance, and which may properly be designated as conditions; it has no reference to those stipulations which are to be performed after a loss has occurred, such as giving notice and furnishing preliminary proofs. According to the prevailing view, the usual clause in a policy of insurance, that no officer, agent, or other representative of the company shall have power to waive any condition of the policy except such as may be endorsed thereon or added thereto, has no reference to those stipulations which are to be performed after a loss has occurred, such as giving notice and furnishing proofs. These may be expressly waived, as by a refusal to pay or a denial of liability, or waived by conduct inconsistent with an intention to enforce a strict compliance therewith, by which the insured is led to believe

that the insurer does not intend to require such compliance. *Corporation of Royal Exchange Assurance* v. *Franklin,* supra; *Barkley* v. *American National Ins. Co., 36 Ga. App.* 447 (136 S. E. 803); Concordia Ins. Co. *v.* School District, 282 U. S. 545 (51 Sup. Ct. 275, 75 L. ed. 528, note); note, 76 A. L. R. 136; 14 R. C. L., §§ 517, 518. "'By the weight of authority, an officer or agent otherwise having authority to waive notice or proofs of loss may bind the company by an oral or implied waiver, notwithstanding a stipulation in the policy that no officer or agent shall have power to waive any of its terms or conditions unless the waiver is in writing endorsed on the policy or attached thereto.' 33 C. J. 24, § 681, and cases cited in note 10 to this section." *Corporation of Royal Exchange Assurance* v. *Franklin,* supra; see also 76 A. L. R. 138, note.

Was the admitted general agent of the insurance company for the State of Georgia such an agent as could waive notice or proof of disability? This agent dealt with Skelton, who was acting for the insured in reference to this policy of insurance, as if he had full authority to act for the company in all particulars with reference thereto. When Skelton called on him on May 10, 1930, and notified him that the insured was sick, the agent told Skelton that before proof of disability could be filed the insured would have to be disabled for three months. On August 2, 1930, when Skelton carried the notice of the insured's disability to the agent and requested the blanks to make a proof of disability, the agent's refusal to furnish them was based, not on the ground that he was not authorized to furnish them, but on the ground that it was not necessary to do so, as the policy had lapsed for nonpayment of premium. During the grace period this agent sent several notices to the insured, stating that the premium had not been paid. He was authorized to receive and forward applications for insurance to the home office of the company. The insurer was a foreign corporation. While the evidence showed that this agent could not extend the time for paying premiums, it did show, however, that he had authority to collect the premiums. It is our opinion that this general agent was such an agent as had authority to waive notice or proof of disability, and could bind the insurance company by an oral waiver thereof, as by conduct which amounted to a refusal to pay in refusing to furnish proper blanks on which to make proof of disability when requested, on the ground that the policy had

lapsed for nonpayment of premium. Furthermore, the agent in this case being a general agent, and the only limitations, if any, placed upon his authority, known to the insured, were those contained in the above-quoted provision in the policy, and as such provision, as we have seen, has no application to stipulations to be performed after the disability of the insured arose, such as giving notice and furnishing preliminary proof, such agent was clothed with apparent authority to act for the insurance company in receiving proof of disability, and could therefore waive the same by refusing to furnish proper blanks on which to make the proof, on the ground that the policy had lapsed for nonpayment of premium.

Nothing ruled in this case, under the decision of the Supreme Court in *Corporation of Royal Exchange Assurance* v. *Franklin,* supra, conflicts with the rulings of that court in *Porter* v. *Home Friendly Society,* 114 *Ga.* 937 (41 S. E. 45), *Hulson* v. *Prudential Ins. Co.,* 122 *Ga.* 847 (50 S. E. 1000), and *Johnson* v. *Ætna Ins. Co.,* 123 *Ga.* 404 (51 S. E. 339, 107 Am. St. R. 92). The waivers sought to be enforced in the first and second cases cited above were of conditions which entered into the contracts of insurance, and not of things to be performed after the loss occurred. In the last case cited above, the insurance company was attempting to apply the principle ruled in the first two cases cited above to a case where its lawful agent, in writing the policy of fire insurance, had knowledge that the applicant for the insurance did not own the property on which the building to be insured stood, and the court held that this was notice to the company, regardless of a provision in the policy that such an agent could not waive any of the provisions of the policy; and in that case the court further ruled, "Limitations in an insurance policy upon the authority of the agent of the company to waive the conditions of the contract of insurance are to be treated as referring to waivers made subsequently to the issuance of the policy." This is true, but it is not a holding that such limitations will prevent an authorized agent of an insurance company from waiving the filing of proof of disability, which is a thing to be performed after the occurrence of the disability.

Applying what is said above, we are of the opinion that the above-quoted provision in the policy in this case, limiting the authority of the officers and agents of the defendant company, did not prevent the action of its general agent, in refusing to furnish proper blanks

with which to make proof of disability on the ground that the policy had lapsed for nonpayment of the premium, from operating as a waiver, and relieve the insured of the necessity of furnishing such proof; and that the general agent of the insurance company was authorized to accept a proof of disability to be forwarded to the home office of the company, and it was not without the scope of his known authority to refuse to furnish such blanks on the ground that the policy had lapsed because of nonpayment of the premium.

In addition to the waiver of proof of disability by the general agent of the insurance company on August 2, 1930, a written notice of total disability of the insured and of his death was given to the general agent of the insurer on November 16, 1930 (not more than six months from May 16, 1930, the last date on which the premium on this policy could have been paid), which he forwarded to the home office of the company. We are of the opinion that this was a substantial compliance with the provisions of the policy with reference to the giving of proof of disability and death, and was sufficient. Civil Code (1910), § 2490; *Merchants' &c. Ins. Co.* v. *Vining*, supra; *Metropolitan Casualty Ins. Co.* v. *McAuley*, 134 *Ga.* 165 (2) (67 S. E. 393); 33 C. J. 16, 17, §§ 664, 665; Insurance Co. of North America v. McLimans, 28 Neb. 653 (44 N. W. 991). The policy in this case provides, with reference to furnishing proof of disability, that such proof shall be "satisfactory to the company" and made at "its home office," and that the waiver of premium "shall become effective with the first premium falling due under the policy after the date of the commencement of such disability, provided, however, that in no case shall waiver begin as of a date more than six months prior to the date of receipt of proof of loss." Properly construed, this latter provision means that the insured or some one acting for him had to make the proof of disability not more than six months from the date when the waiver began, being when the first premium became due and payable after the disability occurred, which was May 16, 1930, when the grace period expired. The policy provides that the insurer will pay the amount provided therein "immediately upon acceptance at its home office of satisfactory proofs of the death of" the insured. It will be noted that the policy did not provide for any special form of notice or proof of disability or death; nor did it contain any provisions as to what would be satisfactory proof of

disability or death. "A provision requiring 'satisfactory' proofs does not mean that the insurer must necessarily be satisfied. It is sufficient that reasonable proof be given of those matters specified or implied in the policy." 7 Cooley's Briefs on Insurance, 5892; 14 R. C. L. § 507; Charter Oak Life Ins. Co. *v.* Rodel, 95 U. S. 232 (24 L. ed. 433).

■ The verdict was not contrary to law and was amply supported by the evidence in the case, and none of the special grounds of the motion for a new trial show error by reason of the rulings made in the first and second divisions of the opinion in this case. It therefore follows that the trial judge did not err in overruling the motion for a new trial.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*