FIREMEN'S INSURANCE CO., etc., *et al. v.* BLOUNT,
for use, etc., *et al.*

No. 11247.   MAY 13, 1936.

*Smith, Smith & Bloodworth, Fullbright & Burney,* and *W. H. Smith,* for plaintiff in error.

*H: Cliff Hatcher,* contra.

BELL, Justice.   Several insurance companies, including Firemen's Insurance Company, jointly issued a policy of fire insurance

to Mrs. Nannie Blount. For convenience these companies will be referred to in the singular, as the insurer. The property insured was a dwelling-house. The house was damaged by fire, and in a suit on the policy a verdict was returned in favor of Mrs. Blount. The insurer filed a motion for new trial, which the court overruled, and this judgment was affirmed by the Court of Appeals. *Firemen's Insurance Co.* v. *Blount,* 52 *Ga. App:* 223 (183 S. E. 111). Certiorari was granted by this court for the purpose of considering an important question as to the effect of a "non-waiver agreement" which the parties executed after the fire, and in virtue of which the insurer claimed that it did not waive the conditions of the policy as to proof of loss, by agreeing with the plaintiff as to the amount of the damage; such question not having been heretofore considered by this court. The policy contained the following stipulation as to proof of loss: "If fire occur, the insured shall give immediate notice of any loss thereby in writing to this company, . . and, within sixty days after the fire, unless such time is extended in writing by this company, shall render a statement to this company, signed and sworn to by said insured, stating the knowledge and belief of the insured as to the time and origin of the fire; the interest of the insured and of all others in the property; the cash value of each item thereof and the amount of loss thereon; all encumbrances thereon; all other insurance, whether or not covering any of said property; and a copy of all the descriptions and schedules in all policies; any changes in the title, use, occupation, location, possession, or exposures of said property since the issuing of this policy; by whom and for what purpose any buildings herein described and the several parts thereof were occupied at the time of the fire." The policy further provided that "the loss shall not become payable until sixty days after the notice, ascertainment, estimate, and satisfactory proof of the loss," and that "No suit or action on this policy, for the recovery of any claim, shall be sustainable in any court of law or equity until after full compliance by the insured with all the foregoing requirements, nor unless commenced within twelve months after the fire."

It was alleged in the petition that within sixty days after the fire an adjuster for the insurer entered into an agreement with the plaintiff "as to the amount of the loss," and that the insurer "through said agreement waived the filing of any further proof of

loss." This averment was denied by the defendant. The company also pleaded that the house was wilfully burned at the instance of the insured; and as to this defense it was said by the Court of Appeals that a verdict in favor of the insurer would not have been without evidence to support it.

The non-waiver agreement as executed by the insured and the adjuster was as follows: "It is hereby mutually stipulated and agreed by and between Nannie Blount, party of the first part, and the insurance companies whose names are signed hereto, party of the second part, that any action taken, request made, or information now or hereafter received by said party of the second part, in or while investigating and ascertaining the cause of fire, the amount of loss or damage, or other matter relative to the claim of the said party of the first part, for property alleged to have been lost or damaged by fire on the 29th day of January, 1932, shall not in any respect or particular change, waive, invalidate, or forfeit any of the terms, conditions, or requirements of the policies of insurance of the party of the second part held by the party of the first part, or any of the rights whatever of any party hereto. The intent of this agreement is to save and preserve all the rights of all the parties hereto, and permit an investigation of the claim and the determination of the amount of the loss or damage, in order that the party of the first part may not be unnecessarily delayed in her business, and that the amount of her claim may be ascertained and determined without regard to the liability of the party of the second part and without prejudice to any rights or defenses which said party of the second part may have." After executing the foregoing agreement the parties agreed in writing upon a stated sum as the amount of the loss, stipulating that the insured would accept this sum in full settlement of all liability under the policy, "provided it should appear that the insurers are liable for the payment of any amount whatsoever under the terms of said policy," and "that the execution of this agreement shall not abrogate or modify the non-waiver agreement executed by the parties hereto on this date; but that the sole purpose of this agreement is to fix definitely the amount of the property damage only caused by said fire."

The Court of Appeals held in effect that the purpose of a proof of loss is to secure an adjustment between the insurer and the

insured, and that a requirement in a policy as to the submission of such proof is waived where the insurer and the insured enter into an agreement after the fire, fixing and agreeing on the amount of the loss. It was further held by that court that such a waiver resulted in this case, notwithstanding the previous execution of the non-waiver agreement, especially since this agreement did not provide in specific terms that the insurer would not pay the claim without full formal proof of loss being furnished. It appears that these conclusions were based largely upon the decisions in *Southern Mutual Ins. Co.* v. *Turnley*, 100 *Ga.* 296 (27 S. E. 975) ; *Atlas Assurance Co.* v. *Williams*, 158 *Ga.* 421 (123 S. E. 697) ; *Philadelphia Fire & Marine Ins. Co.* v. *Burroughs*, 176 *Ga.* 260 (168 S. E. 36) ; *Ætna Ins. Co.* v. *Mosely*, 47 *Ga. App.* 25 (169 S. E. 695) ; *Sentinel Fire Ins. Co.* v. *McRoberts*, 50 *Ga. App.* 732 (179 S. E. 256). We can not approve the conclusions reached by the Court of Appeals as to the effect of the non-waiver agreement. None of the cases just referred to involved an agreement of this type, except the *Mosely* case; and in that case there was other evidence of a waiver besides the agreement as to the amount of the loss. It was said in the decision, however, that if the company had desired to insist upon formal proof of loss, the non-waiver agreement should have so stated in specific terms. It is our opinion that the agreement relied on by the insurer in the present case was sufficiently specific, and that in view of it the insurer did not waive the right to insist upon the furnishing of such proof in terms of the policy, merely by agreeing with the insured upon a sum as the amount of the damage,—there being in the present case no other evidence which tended, as in the *Mosely* case, to show a waiver. Such might have been the result if the stipulations as to proof of loss as contained in the policy had contemplated a mere statement of the amount of the damage; but, as indicated above, the policy required that other material facts should be stated in the proof of loss; and in view of the non-waiver agreement, the insurer did not waive the proof of such additional facts merely by agreeing with the insured as to the amount of the damage. For other decisions relating to similar non-waiver agreements, see Insurance Co. of North America v. Williams, 200 Ala. 681 (77 So. 159) ; Tedder v. Home Ins. Co., 212 Ala. 624 (103 So. 674) ; Hayes v. U. S. Fire Insurance Co., 132 N. C. 702 (44 S. E. 404) ; Neil

Brothers Grain Co. *v.* Hartford Fire Ins. Co., 1 Fed. (2d) 904; Home Ins. Co. *v.* Currie, 54 Fed. (2d) 203.

*Judgment reversed. All the Justices concur, except*

RUSSELL, Chief Justice, dissenting. I dissent altogether from the opinion of the majority. I concur with the opinion of the Court of Appeals as far as that opinion goes. That opinion is consonant with both law and justice.