38298.   NEW YORK UNDERWRITERS INSURANCE COMPANY v. NOLES *et al.*

DECIDED JUNE 14, 1960—REHEARING DENIED JUNE 29, 1960.

*Charles L. Weltner, Smith, Swift, Currie, McGhee & Hancock,* for plaintiff in error.

*Charles L. Goodson, Welborn B. Davis, Jr.,* contra.

FRANKUM, Judge. The sole question to be determined, as admitted by the attorneys for both parties, is whether or not the conduct of the defendant's agent and adjustors will amount to a waiver of a contractual provision in a policy of insurance that requires the insured to submit sworn proofs of loss within a specified time as a prerequisite to any claim against the insurance company.

"Waiver is a voluntary relinquishment of some known right, benefit, or advantage which, except for such waiver, the party otherwise would have enjoyed." *Gray Lumber Co. v. Harris,* 8 Ga. App. 70 (68 S. E. 749) ; *Barnes v. Goodner,* 77 Ga. App. 448 (49 S. E. 2d 128). In *Corporation of the Royal Exchange Assurance of London v. Franklin,* 158 Ga. 644 (3) (124 S. E. 172, 38 A. L. R. 626), the leading case in this jurisdiction on this problem, Judge Hines stated: "Clauses in insurance policies which prohibit waivers unless indorsed thereon refer only to the provisions which enter into the contract of insurance, and do not affect conditions which are to be performed after loss, such as furnishing proofs of loss and giving notice. These may be expressly waived, or may be waived by conduct inconsistent with an intention to enforce a strict compliance with the condition, by which the insured is led to believe that the insurer does not intend to require such compliance." And, in addition, stated: "An adjustor sent to adjust a loss presumably has authority to waive proof of loss."

Where the effect of such contractual provision works as a forfeiture of the policy benefit upon the insured, the court will strictly construe the provision against the insurance company and small circumstances will be sufficient to show a waiver by the company. *Aetna Ins. Co. of Hartford v. Mosely,* 47 Ga. App. 25 (169 S. E. 695). See 49 A. L. R. 2d 89. As discussed by Judge Guerry in the *Mosely* case, supra, the damages and not the formal proof is the essence of the contract. "The courts infer waivers of such nonessential parts by conduct [by the insurance company] for the reason that they are in the nature of penalties and are not favored under the law." A refusal to pay will operate as a waiver of the sworn proof of loss (*Central Manufacturers Mut. Ins. Co. v. Graham,* 24 Ga. App. 199 (3) 99 S. E. 434), as well as an unqualified promise to pay (*Sentinel Fire Ins. Co. v. McRoberts,* 50 Ga. App. 732, 179 S. E. 256), or conduct inconsistent with an intention to enforce the strict contractual compliance. *Industrial Life &c. Ins. Co. v. Winn,* 59 Ga. App. 289 (200 S. E. 452); *Life Ins. Co. of Va. v. Williams,* 48 Ga. App. 10 (172 S. E. 101). See *Barkley v. American Nat. Ins. Co.,* 36 Ga. App. 447 (136 S. E. 803); *Knights of the K. K. K. v. Fidelity & Deposit Co.,* 47 Ga. App. 12 (169 S. E. 514).

Also, once the incidental right or contractual benefit has been waived or relinquished, it cannot be reclaimed. *Sentinel Fire Ins. Co. v. McRoberts,* 50 Ga. App. 732, supra; *Firemen's Ins. Co. v. Blount,* 52 Ga. App. 223 (183 S. E. 111), reversed upon other grounds, 182 Ga. 459, 185 S. E. 717.

The allegations of the petition show a continuous negotiation with the insurance company through the entire time interval within which such proof of loss must be filed and for a period after such time had elapsed. On two occasions the plaintiff transported the tractor to a designated concern at the direction of the defendant's agent and adjustors. It is further alleged that the various agents and adjustors for the insurance company never intimated that the plaintiff must satisfy an additional requirement before a settlement could be consummated. The approval· of the insurance company of certain damages authorizing repairs would operate as a waiver of a proof of

loss as to that item of damage under the general rule announced in *Sentinel Fire Ins. Co. v. McRoberts,* 50 Ga. App. 732, supra. Further, the acts of the defendant's agents were inconsistent with an intention to require a sworn proof of loss. Directing the plaintiff to transport the property to a designated concern and continuously negotiating with the plaintiff and his attorney concerning a settlement implied that a liability existed and all that was required was an agreement upon the damages. An insurance company cannot, by its own acts of continuously negotiating a settlement through a time period within which the insured must file a sworn proof of loss, thereafter insist on a strict compliance with the contractual provision when the insured has been misled into believing that no other requirement was necessary to a settlement.

The defendant insists that *Northern Assurance Co. v. Pate,* 29 Ga. App. 90 (114 S. E. 69), is controlling upon the facts of the instant case, but the ruling in the *Northern Assurance Co.* case was controlled by the decision of *Williams v. Atlas Assurance Co.,* 22 Ga. App. 661 (97 S. E. 91). The conclusion reached in the *Williams* case was criticized and held as unjustified in *Corporation of the Royal Exchange Assurance of London v. Franklin,* 158 Ga. 644, supra. Hence, anything in the two Court of Appeals' opinions contrary to the rule announced in the *Franklin* case will not be followed by this court. See *Life Ins. Co. of Va. v. Williams,* 48 Ga. App. 10, 20, supra.

*Delta Ins. Co. v. Wood,* 99 Ga. App. 58 (107 S. E. 2d 693), is distinguishable because the petition did not allege a waiver or show any facts which would amount to an estoppel. Whereas, in the instant case waiver and estoppel was expressly relied upon and specific acts of the defendant's agents are alleged to show a waiver.

Under the authorities above cited the allegations of the petition are sufficient to show the insurance company to have waived the requirement for sworn proof of loss.

*Judgment affirmed. Gardner, P. J., Townsend and Carlisle, JJ., concur.*

928

## CORRECTIONS.

Page 72, line 11 from bottom, change "6-1806" to "6-1608".

Page 100, line 3 from top, change "where" to "were".

Page 211, line 7 from bottom, change "defendant's" to "insured's".

Page 630, line 14 from bottom, between the words "the" and "prospective" insert the words "property to the".

Page 671, line 9 from top, change "unusual" to "usual".